[No. 15721.  Department One.  July 9, 1920.]

ELLA DOROTHY HEBDEN, *Respondent*, v. BERNARD SYDNEY HEBDEN, *Appellant.*[2]

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered July 17, 1919, upon findings in favor of the plaintiff, in an action for divorce, tried to the court.  Affirmed.

*Del Cary Smith* and *A. O. Colburn*, for appellant.
*Roy A. Redfield*, for respondent.

MACKINTOSH, J.—A divorce was granted respondent upon her complaint charging the appellant with cruelty, she was awarded the custody of their three children of tender years, and a division was made of the community property.  From all of this decree, the appellant has come to this court, alleging many errors in the trial.

As we view the testimony, taken in the course of a long and acrimonious hearing, we feel that a summary of it in this opinion would neither add anything to. the body of our law or assist in making smooth the rough places in the future lives of those most intimately concerned ·in this unhappy domestic catastrophe.  The record affords ample material for the critical analysis of a modern novelist, but, aside from that, we can see no reason for perpetuating the sordid story in the already congested annals of the law.  Suffice it to say, that a careful review of the testimony and a consideration

[1]Reported in 191 Pac. 641.
[2]Reported in 191 Pac. 391.

of the many objections thereto, convinces us that the cruelty alleged was satisfactorily proven; that the appellant unremittingly heaped Ossa upon Pelion, until the foundations of conjugal felicity crumbled; or, perhaps, better, it might be said that the dark waters of his morose and sullen disposition, dropping unceasingly, had at last worn away the rock of marital tolerance.

There is nothing in the record to justify interference with the decree as to the custody of the children, whose welfare is unquestionably best served by awarding them to the care of their mother, nor does the distribution of the property of the parties appear to be otherwise than fair and just. This opinion may be well closed by quoting from the case of *Quient v. Quient*, 105 Wash. 315, 177 Pac. 779:

"It is first contended that the evidence does not sustain the findings of the trial court. It is probably true that the evidence fails to disclose any one act of shortcoming on the part of the husband which in itself would be sufficient to justify the divorce. But when the record is read in its entirety it discloses a course of conduct on the part of the husband, beginning early in the married life of the parties, which was humiliating and distressing to the wife, and which was prompted by his imperious and domineering disposition and utter lack of affectionate regard for his wife and her rights as a party to the union. It is unnecessary here to set out this distressing story, but it is sufficient to say that a careful consideration of the evidence leads us to the conclusion that the trial court properly entered a judgment dissolving the bonds between the parties."

Judgment affirmed.

HOLCOMB, C. J., MAIN, and PARKER, JJ., concur.