[No. 2147.   Decided February 26, 1896.]

ERNST PFUELLER v. SUPERIOR COURT OF SNOHOMISH COUNTY *et al.*

CHANGE OF VENUE — ACTION FOR DIVORCE.

The statute (Code Proc., § 766) requiring an action for divorce to be commenced in the county in which the plaintiff resides, the defendant is not entitled, under Code Proc., § 161, to have the cause removed for trial to another county, in which he maintains his residence. (ANDERS, J., dissents.)

*Original Application for Prohibition.*

*W. A. Reneau*, and *E. K. Pendergast*, for relator.
*John W. Miller*, and *J. P. Smith*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—This is an application for writ of prohibition to prohibit the superior court of Snohomish county from proceeding with a certain action brought by Maria E. Pfueller against Ernst Pfueller in said court to obtain a divorce. The relator appeared in said action and demurred to the complaint and submitted proof that he was a resident of Douglas county in this state and moved for a change of venue to that county. The court overruled the demurrer and denied the motion, whereupon this application was made

to us.   The special statute relating to the bringing of actions for divorces is § 766, Code Proc., and provides that any person who has been a resident of the state for one year may file his or her complaint for divorce, etc., in the superior court of the county where he or she may reside, and that like proceedings shall be had thereon as in civil cases.

The relator moves for a change of venue under § 161 providing that certain actions must be tried in the county in which the defendants or some of them reside at the time of the commencement of the action, etc., and it is contended with some degree of force that the section first mentioned relates only to the commencement of actions, while § 161 relates to the place of trial, and in support of his application relator cites *Warner v. Warner*, 100 Cal. 11 (34 Pac. 523), where the supreme court of that state held, under a statute requiring such actions to be commenced in the county where the plaintiff had resided for three months immediately preceding its commencement, that the defendant was entitled to a change of venue to the county of his residence.   In arriving at this conclusion the court said that the apparent intention in requiring the commencement of such actions in the county where the plaintiff had resided for three months or more was to give such actions publicity in the locality where the plaintiff was known.   This reason could not well apply to our statute, for no time of residence is required, and residence may have been obtained so recently before the beginning of the action as to give the matter no publicity.

Under this section the plaintiff could commence an action for a divorce only in the county of her residence, and she would have no right to commence the same in the county of the defendant's residence, where

they were residing in different counties.    This being
so, it does not seem probable that the legislature in-
tended that a defendant should have the arbitrary
right to come in and demand a change of venue to
the county where he resided, and that, being required
to commence the action in the county of her residence,
the plaintiff was entitled to have the cause proceed
there unless a change of venue was granted by the
court on some of the other grounds specified. The
complaint in this action contained no allegation as to
the residence of the plaintiff, but at the hearing of the
motion for a change of venue she made proof that she
was a resident of Snohomish county. The complaint,
of course, was defective in this particular, but if in
fact the plaintiff is a resident of Snohomish county,
it can be amended to so allege.

Writ denied.

HOYT, C. J., and DUNBAR and GORDON, JJ., concur.

ANDERS, J. (*dissenting*).    I think divorce cases fall
within the same category as other civil actions under
our statute, and I am, therefore, constrained to dissent.