[No. 4183.]

## JOHNSON v. JOHNSON.

**1. Divorce—Practice—Pleading—Amendment.**

Where the complaint in an action for divorce alleged that plaintiff was and had been for more than one year immediately preceding the commencement of the action a bona fide resident and citizen of the state but failed to allege that either party resided in the county in which the action was brought, the court might permit an amendment after verdict inserting in the complaint an allegation of plaintiff's residence in the county, where the proof showed such residence.

**2. Pleading—Amendment.**

The court has authority to grant leave to amend any pleading or proceeding in any cause, before final judgment, so long as it retains jurisdiction of the cause.

**3. Divorce—Pleading—Amendment—Arrest of Judgment.**

Where after verdict in an action for divorce defendant filed a motion in arrest of judgment on the ground that the complaint failed to allege that either plaintiff or defendant resided in the county where the action was brought, which motion was granted, but plaintiff's complaint was not dismissed, the court could afterwards permit an amendment of the complaint and enter a decree for divorce thereon without having made any formal order setting aside the motion in arrest of judgment.

*Error to the County Court of Weld County.*

Mr. JAMES W. MCCREERY, for plaintiff in error.

No appearance for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This action of divorce was commenced in the county court of Weld county by defendant in error, as plaintiff below, against plaintiff in error, defendant below. There was no allegation in the complaint that either party ever resided in Weld county; the only averment as to residence being: "That the plaintiff is and has been a *bona fide* resident and citizen of the state of Colorado for a period of more than one year immediately preceding the commencement of the action."

Section 6 of the divorce act, Session Laws 1893, 236, provides that "no person shall be entitled to a divorce in this state unless such person shall have been a *bona fide* resident and citizen of this state for one year prior to the commencement of the action," and it also says that the suit therefor "shall only be brought in the county in which such plaintiff or defendant resides, or where such defendant last resided."

Upon issues joined the cause was tried to a jury and a verdict rendered in favor of the plaintiff, and on the same day the court made an order that a decree for the divorce be entered upon the payment of the costs of the suit by the defendant. Whether such condition as to costs was ever complied with does not appear in the record, and for our present purpose it is not important to know. On the same day defendant filed a motion to set aside the verdict and grant a new trial, and afterwards and on the 23d of October, 1899, such motion was denied. On the same day plaintiff

filed a motion in arrest of judgment, based principally upon the ground that the necessary jurisdictional facts as to the residence of plaintiff were not set forth in the complaint. On the 25th of October this motion was sustained, but, as expressed by the court, plaintiff's complaint was not dismissed, and on the same day, upon her application therefor she was granted leave to amend her complaint by suitable averments as to her residence in Weld county; the court specifically finding that on the trial she proved that she was, when the suit was begun, and for more than a year immediately preceding had been, a *bona fide* resident and citizen of Weld county, Colorado.

Afterwards, and on the 30th of October, the complaint was amended by inserting therein the necessary allegation, and in open court the pleading, as amended, was verified by plaintiff. The final decree was signed and entered of record November 3d, 1899. Apparently no further action was taken with respect to the setting aside of the order arresting the judgment. To the orders made against defendant objections were made and exceptions saved, and he has brought the case here by writ of error.

The questions for decision, then, are whether the amendment to the complaint was such as the court might authorize to be made, and whether the court had the power, in the circumstances of the case, to make the order permitting such amendment, after verdict.

1. In the argument of plaintiff in error it is contended that under our divorce statute the residence of a plaintiff or a defendant is a jurisdictional question, and that the court cannot proceed to a decree unless the complaint shows that the county in which the suit is brought is the plaintiff's residence, or the residence of the defendant, or the place where defendant last resided. Such contention would seem to

be sustained by this court in *People ex rel. Lackey v. The District Court, ante,* 123. It may be that the complaint as originally drawn did not state facts sufficient to authorize the court to proceed to a decree.

It is said by learned counsel that there was no allegation at all in the complaint that plaintiff resided in Weld county, hence, there was nothing to amend by, and that amendments cannot be made to a complaint in which there is an entire absence of some averment which is essential to make that pleading state a good cause of action, or to give the court jurisdiction to hear and determine the cause of action attempted to be pleaded. The authorities cited do not sustain this contention, and we have found no well considered case which so holds. Matters purely jurisdictional may be made the subject of amendment the same as other matters of substance. But it is unnecessary to pursue that inquiry, for it appears that there was an allegation in the complaint that plaintiff was a *bona fide* resident and citizen of the state of Colorado. Possibly this allegation, in the absence of some specific objection, was broad enough to permit of proof that plaintiff was such resident and citizen of Weld county. However that may be, the allegation as it originally appeared in the complaint, being at most a defective averment of a material fact, might, upon a proper showing, be perfected by adding a phrase showing residence in the county of the court where the action was started. In the absence of anything in the record to the contrary, we must presume that the showing for the amendment was sufficient to justify the ruling upon the motion asking leave to make it. The record affirmatively shows a finding that the proof of residence sufficiently appeared at the trial, and the amendment was permitted in order to make the pleading correspond to the proof as well as to perfect a defective statement.

2. That the amendment was made after verdict is not conclusive against the validity of the order, for so long as the court retains jurisdiction of a cause, and certainly before final judgment, it has authority to grant leave to amend any pleading or proceeding therein.

Section 78 of the civil code provides that the court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and it is further provided that if upon the trial the evidence shall vary from the allegations of the pleadings and either party is surprised thereby, he shall be allowed, upon motion and showing cause therefor, to amend his pleadings to conform to the proof. Under section 75 the court may, upon affidavit showing good cause therefor, after notice to the adverse party, allow upon such terms as are just an amendment to any pleading or proceeding in any particular. Statutory authority for making the order complained of is ample.

The fact that no formal order was made setting aside defendant's motion in arrest of judgment before granting leave to amend is not important here. Where judgment is arrested the general rule is that all proceedings are thereby set aside, yet the so-called order of arrest was not absolute, but rather conditional, or partial, for the court expressly ruled that plaintiff's complaint should not be dismissed. Its subsequent order in granting leave to amend, and the fact that final decree was not entered until November 3d—long after the motion in arrest of judgment was in part sustained—is virtually an annulling of that order.

We think that substantial justice was done in this case, and the judgment is therefore affirmed.

*Affirmed.*