[No. 10479.   Department Two.   November 4, 1912.]

SARAH A. GUST, *Appellant*, v. ADOLPH A. GUST, *Respondent*.[1]

PLEADING — TRIAL—AMENDMENT—DISCRETION — ABUSE.   A trial amendment to the complaint is within the discretion of the court, and will not be disturbed except for abuse of discretion, and none appears, where omissions in the complaint were not called to the attention of the trial court until after the close of plaintiff's evidence, which fully covered the defects.

APPEAL—BRIEFS.   A brief on appeal will not be struck out for improperly characterizing the rulings of the trial court, where it was more a thoughtless levity of speech than an abusive utterance.

APPEAL—NOTICE—TIME FOR TAKING—JUDGMENT—ENTRY.   Where, upon motion to dismiss at the conclusion of plaintiff's evidence, the court took the matter under advisement, filed with the clerk a written memorandum of its ruling ordering the action dismissed, and subsequently signed and entered a formal decree dismissing the action, the first order is in no sense the final judgment, and the time for taking an appeal begins to run from the entry of the formal decree.

DIVORCE—ADULTERY—EVIDENCE—SUFFICIENCY.   In the absence of any denial, evidence of an adulterous disposition, coupled with opportunities to commit the act, and circumstances showing guilt, are sufficient to sustain a charge of adultery in an action for divorce.

Cross-appeals from a judgment of the superior court for King county, Myers, J., entered May 6, 1912, dismissing an action for divorce at defendant's cost, after a trial on the merits.   Reversed.

*Edward Judd* and *B. E. McGregor*, for appellant.

*George W. Saulsberry* (*H. E. Foster* and *L. Y. Devries*, of counsel), for respondent.

MORRIS, J.—Action for divorce, and appeal from judgment dismissing the action.   Respondent also appeals from that portion of the judgment awarding appellant attorney's fees and costs, and permitting amendments to the complaint,

[1]Reported in 127 Pac. 292.

and moves to dismiss the appeal of appellant, and to strike the opening brief and a statement of facts certified to in connection with an application by appellant for suit money, which was denied and which is incorporated in the appeal. These contentions will first be noticed. The conclusion we have reached makes it unnecessary to notice respondent's appeal upon the award of attorney's fees and costs, since the judgment will be reversed upon the merits, leaving this question to the judgment of the court upon the entry of any final decree, upon the further hearing of the case.

We find no error in the allowance of the amendments to the complaint. Such an order will never be disturbed here unless there is a clear abuse of the discretion which, under our statute, is vested in the trial court in such matters. In view of the fact that the omissions in the complaint were not called to the court's attention until after the close of the evidence introduced by appellant, and that such defects were fully covered by the testimony, we think the trial court was justified in permitting the amendments.

The motion to strike the brief is based upon language characterizing the ruling of the trial judge in what appellant considers must have been his view of the law in dismissing the complaint, in view of the evidence before him. This language is not such a dignified reference to the ruling complained of as becomes an attorney in referring to the action of the trial court. It is, however, more a thoughtless levity of speech than an abusive utterance, and not of such a character as demands such a penalty as respondent urges. It is sufficient to say such language weakens, rather than adds to, any brief in which it is incorporated. Motion to strike the brief is denied.

It will not be necessary to refer further to the motion to strike the statement of facts prepared by appellant upon the refusal of the court below to award suit money as prayed for; since the cause is to be sent back and the lower court will have ample opportunity to make such awards for suit money,

attorney's fees and alimony *pendente lite* as, from the showing made before it, may seem just and proper. For this reason we shall not discuss this question as raised by appellant's appeal from the order denying her suit money; the court below having ample power to correct any order it may have previously made, upon becoming satisfied that its award is insufficient to enable appellant to properly prepare and submit her case. The motion to dismiss the appeal can best be discussed in connection with the merits.

The appellant prayed for a divorce upon the ground of adultery. At the conclusion of appellant's evidence, respondent moved to dismiss the action, upon the ground that the complaint failed to allege appellant's residence within King county at the time the action was commenced, and failed to allege that the adultery complained of was unforgiven; and upon the further ground that the evidence failed to establish any adultery. Thereupon appellant asked leave to amend the complaint as to the first two grounds, and the court, after hearing counsel for both parties, took the matter under advisement until the 29th day of March, when a written memorandum of its ruling was filed with the clerk, in which appellant was permitted to amend as to the first two grounds, . which are the amendments referred to upon respondent's cross-appeal. As to these grounds, the motion to dismiss was denied. Upon the third ground the court found with respondent, and ordered the action dismissed. Subsequently, and on May 6th, the court signed and entered a formal decree dismissing the action, from which decree the appeal is taken. It is in this connection that respondent moves to dismiss the appeal, contending that the entry of the "memorandum decision" on March 29th was the final decree; and as no appeal has been taken therefrom, this appeal should be dismissed. It is apparent we think, that the entry of March 29 was in no sense a judgment, nor intended as such. It was nothing more than the decision or ruling of the court upon the matters taken under advisement. The court states

the points reserved for its ruling, speaks of the character of evidence demanded by the law in cases of this character, decides the submitted questions, gives his reasons for such decision, cites authorities and concludes "it follows the action must be dismissed, and it is so ordered." These matters are such as are ordinarily mentioned by courts in filing opinions upon questions of law submitted for decision. They are not matters referred to in judgments or decrees, and have no place in such entries. We therefore conclude that the appeal is taken from the final decree in the case, and the motion to dismiss is denied.

There remains to discuss only the ruling of the court as to the insufficiency of the evidence to establish adultery. We apprehend the law is well settled that, in proving charges of this character, when there is no eyewitness to the adulterous acts complained of, evidence of an adulterous disposition, coupled with opportunities to commit the act, and circumstances showing guilt, will be sufficient to sustain the charge, when as here there is no denial. We do not care to recite the evidence, nor, in view of the conclusion we have reached as to a second trial, to comment upon its weight, or character, other than to say, if the evidence offered on behalf of appellant is accepted as true, there can be no doubt of the commission of the acts complained of. We, therefore, are of the opinion that the court erred in holding the evidence insufficient.

The judgment is reversed, and as the ruling of the trial court was in effect a nonsuit, the case is remanded for further proceedings.

MOUNT, C. J., FULLERTON, ELLIS, and MAIN, JJ., concur.