[No. 10575. Department One. December 5, 1912.]

SARAH A. GUST, *Respondent*, v. ADOLPH A. GUST, *Appellant*.[1]

APPEAL—RECORD—STATEMENT OF FACTS. In the absence of a statement of facts to bring up the evidence on which a party was adjudged in contempt of court, it will be presumed that the evidence sustained the judgment and the order must be affirmed.

APPEAL—ORDERS REVIEWABLE—CESSATION OF CONTROVERSY. An appeal from an order imprisoning a party for contempt of court will be dismissed, where it appears on the hearing that he has been discharged and has complied with the order adjudging the contempt.

[1]Reported in 128 Pac. 1.

Appeal by defendant from an order of the superior court for King county, Myers, J., entered May 21, 1912, adjudging defendant to be in contempt of court for failure to comply with an order for temporary alimony and suit money. Affirmed.

*George W. Saulsberry* (*H. E. Foster* and *L. Y. Devries*, of counsel), for appellant.

*Edward Judd*, for respondent.

CROW, J.—Sarah A. Gust commenced this action against Adolph A. Gust, her husband, to obtain a decree of divorce, and on May 6, 1912, the trial judge entered a final decree in which certain amendments to her complaint were permitted, a divorce was denied, and she was awarded $400 costs and $600 attorney's fees. By the decree it was:

"Further ordered, adjudged and decreed, that the temporary alimony heretofore ordered by this court, amounting to the sum of seventy-five dollars, and which was due April 1, 1912, and which is unpaid, be paid by the defendant to the plaintiff or her attorneys, on or before the 11th day of May, 1912."

In *Gust v. Gust*, 70 Wash 695, 127 Pac. 292, this court, on the plaintiff's appeal, reversed the order of dismissal and remanded the cause for further proceedings. From the portion of the decree above quoted, it appears that the defendant had been in default from and after April 1, 1912, for the payment of $75 temporary alimony, and that he was directed to pay the same on or before May 1, 1912. On May 13, 1912, on the plaintiff's application, a show-cause order was issued and served upon the defendant, commanding him to appear on May 17, 1912, and show cause, if any he had, why he should not be punished for contempt of court for his failure to pay the sum of $75 temporary alimony. To this show-cause order, he filed an answer, and on May 21, 1912, an order was entered adjudging him to be in contempt, and further ordering "that he be forthwith committed to the jail

of the county of King in the state of Washington, as a punishment for such contempt, and that he be there imprisoned until the further order of this court." From the order adjudging him guilty of contempt and the order of imprisonment, the defendant has appealed.

No statement of facts has been filed or certified showing the evidence introduced at the hearing on the show-cause order. It appears from the record, that appellant had been directed to pay $75 temporary alimony; that he failed to do so; that on the date of the final decree he was in default; that he was then directed to pay the same on or before May 12, 1912; that contempt proceedings were instituted; that he appeared and answered, and that he was adjudged to have been in contempt. It is to be presumed that the evidence introduced was sufficient to sustain the final order of the trial judge, and in the absence of any statement of facts or bill of exceptions, we cannot review, but must affirm, that order.

Appellant further complains that the trial judge erred in the penalty imposed, in that he did not fix any definite term of imprisonment, or direct that appellant should be imprisoned until he had complied with the order of the trial court. Rem. & Bal. Code, § 1059, provides that:

"When the contempt consists in the omission or refusal to perform an act which is yet in the power of the defendant to perform, he may be imprisoned until he shall have performed it, and in such case the act must be specified in the warrant of commitment."

The order of commitment, which in all probability was prepared by some one of the counsel who appeared in the cause, and was thereafter signed by the trial judge, is not drawn in the language of the statute and may not be in accordance therewith. Be that as it may, the controversy has ceased, as the record further shows that appellant was released on May 22, 1912, when he perfected this appeal and filed a supersedeas bond. It further shows that afterwards, to wit,

on May 25, 1912, the $75 temporary alimony was paid to respondent's counsel.

With the record in this condition, the judgment must be affirmed. It is so ordered.

Mount, C. J., Parker, Gose, and Chadwick, JJ., concur.