[No. 12236. Department One. February 25, 1915.]

MAUD R. GLENN, *Appellant*, v. JOHN GLENN, *Respondent*.[1]

DIVORCE—GROUNDS—PLEADING—SUFFICIENCY OF CROSS-COMPLAINT. A cross-complaint for divorce by a husband sufficiently states the statutory grounds of cruel treatment and personal indignities rendering life burdensome, where it alleges that, for twelve years after marriage, their relations were agreeable; that, upon a voyage by the wife to the Philippines, she made the acquaintance of certain men, and that thereafter her disposition and conduct toward defendant were utterly changed, and instead of love and affection she manifested only hatred and aversion for her husband, denying to him his marital rights and exhibiting a cold-blooded avarice which she had never shown before, and that she was thereafter more susceptible to the blandishments of other men and maintained correspondence with other men of the most improper nature.

EVIDENCE—BEST AND SECONDARY—COPIES OF LETTERS. Properly proved copies of letters are admissible, where the originals were in the possession of the adverse party, and proper foundation had been laid by notice and demand to produce the originals, which the adverse party failed to do; their cogency and weight being for the jury.

DIVORCE—GROUNDS—IMPROPER CONDUCT—EVIDENCE — SUFFICIENCY. A decree of divorce in favor of the husband is sustained by evidence in the form of original letters, and copies of letters, where the originals were not produced on demand, written by other men to his wife, tending to show a libidinous disposition toward the wife on the part of such correspondents, and where it appeared that she took pleasure in the society of such men and apparently made no effort to cause the correspondence to cease.

[1]Reported in 146 Pac. 619.

DIVORCE—DEFENSES—RESULT OF DIVORCE. Where a wife brings an action for a divorce and fails to prove her case, it is no objection to a divorce in favor of the husband on his cross-complaint, or ground for granting her a divorce, that the grounds for the husband's divorce cast a stigma upon her name and brand her as a woman of bad moral character; as she instituted the proceedings and must abide by the result.

DIVORCE— JUDGMENT — PROPERTY RIGHTS — DIVISION — "PERSONAL PROPERTY." Where an agreement had been made between husband and wife in contemplation of a divorce, that their personal property was to be divided equally between them, a judgment awarding the sum of $500 to the husband was not erroneous as against the wife, where there was $1,248 deposited in bank in the wife's name at the time of separation agreement, most of which she appropriated; since money is "personal property" in so far as community possessions are concerned.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered February 19, 1914, upon findings in favor of the defendant, in an action for divorce, tried to the court. Affirmed.

*W. G. Beard* and *W. A. Keene*, for appellant.

*Edgar C. Snyder*, for respondent.

HOLCOMB, J.—Plaintiff and defendant intermarried in Leavenworth, Kansas, June 3, 1897. In October, 1913, plaintiff instituted this action for divorce from her husband, the defendant, alleging cruelty, personal indignities rendering life burdensome, and incompatibility. The defendant answered, denying the material allegations in her complaint, but admitting the incompatibility and the impossibility of continuance of the marriage relation; and further, affirmatively alleged that, for twelve years after marriage, the relations of the parties were agreeable; that, about December, 1909, at defendant's request, plaintiff made a voyage on the steamer Minnesota to join him in the Philippine Islands, where he was stationed as a soldier; that on said voyage she made the acquaintance of certain men; that thereafter her disposition and conduct toward defendant were utterly changed; that she

thereafter had and manifested no love and affection for defendant, but manifested and expressed only hatred and aversion; that she thereafter denied him his marital rights, and exhibited a cold-blooded avarice which she had never shown before; that she maintained correspondence with other men; that thereafter she was more susceptible to the blandishments of other men, and conducted correspondence of the most improper nature with several men other than her husband. He also affirmatively alleged that a property settlement had been agreed upon by them, whereby, on August 4, 1913, the values and the division of certain real estate situated in King county and in Grant county, Washington, were agreed upon; and it was further agreed to divide equally all the personal property belonging to them, giving to each party a one-half interest in and to said personal property. Upon the affirmative allegations of this cross-complaint, defendant prayed that plaintiff be denied any affirmative relief under her complaint; that a divorce be granted to cross-complainant, and that the property settlement between the parties be confirmed and approved.

Upon the trial of the case, the appellant produced the testimony of about sixteen witnesses besides herself, most of which testimony was not very material, nearly all of the witnesses simply testifying to the effect that the character and conduct of the appellant, so far as the witness had ever seen, were good. As to the principal allegations of her complaint concerning the causes for divorce, the appellant was uncorroborated. The respondent was also uncorroborated as to most of the principal allegations of his cross-complaint. It will serve no good purpose to state the evidence introduced at the trial. The trial court saw the witnesses and their demeanor, made findings and conclusions, and entered a decree in favor of respondent.

The appellant contends, first, that the cross-complaint of the respondent does not state any statutory ground of divorce and is, therefore, not sufficient to warrant a decree in favor

of respondent. We consider the allegations of the cross-complaint, which have been briefly set forth herein, sufficient allegations of the statutory grounds of personal indignities rendering life burdensome and of actual cruel treatment in the respect of denial of the marital rights of the respondent for a long period of time without cause and without his consent; and, if satisfactorily proven by competent evidence, they fully warrant a decree in respondent's favor.

Appellant also urges that the court erred in receiving in evidence purported copies of letters of certain men to her. We find from the record that respondent had given notice and demand to produce the originals of these letters, that at the trial demand was made for the production of the originals, and that sufficient ground was laid for the introduction of the secondary evidence thereof. A properly proved copy of any private writing is generally competent secondary evidence when the original is shown to be lost or destroyed or in the possession of the opposite party, proper notice having been given, and the original cannot be produced. Though competent, a copy is never conclusive evidence. Its cogency and weight are for the court or jury. 3 Ency. Evidence 543. There was no error, therefore, in admitting said evidence.

This evidence, together with another letter from one of the men, the original of which was introduced, was certainly sufficient to show at least a libidinous disposition toward appellant on the part of these men, and would tend manifestly, where the appellant, a married woman, apparently made no effort to cause the correspondence to cease and where she took pleasure in the society of the men who wrote the letters, to warrant the husband in the allegations made in his cross-complaint, to warrant the court in the construction it placed upon her conduct, and to warrant the court in granting to the respondent a divorce. We have examined the record with due care, and conclude that the court was warranted in the findings, conclusions, and decree made.

Counsel for appellant urges with great emphasis that the decree in respondent's favor necessarily puts her in the wrong, casts a stigma upon her name, and brands her among her friends and acquaintances and to the world in general as a woman of bad moral character such as to justify a divorce against her in favor of respondent. To this it must be said that the appellant adopted and pursued her own course, brought this action for divorce against respondent, thereby accepting the chance of any result that might necessarily follow, and she must abide the same.

It is also contended that the court was not warranted and had no authority to render a money judgment against appellant for $500. It is contended that money belonging to the parties is not personal property. Authorities are cited to the effect that, where personal property of certain classes is enumerated, money not falling within those classes is not to be considered as personal property. The case of *Creditors Collection Association v. Bisbee*, 80 Wash. 358, 141 Pac. 886, holding that, under a statute "providing for an exemption to a householder of specified domestic animals, with a proviso that, if the householder does not possess or desire to retain the animals named, he may select and retain 'other property' not to exceed $250 in value, the 'other property' to be selected must be property of a like nature, under the rule of *ejusdem generis;* hence money cannot be selected in lieu of such exempt property," is not in point. The parties, by their agreement, in contemplation of the severance of the marriage relation, were agreeing upon the division and status of all the real and personal property. They agreed to divide equally all the personal property belonging to them. Money is undoubtedly personal property. There was at the time $1,248 of money on deposit in the bank. This the appellant appropriated to her own use, with the exception of about $220 which she left remaining in the bank, but in her name individually. The respondent was clearly entitled to $624 of this money. The

court was generous rather than exactly just in adjudging that she should refund $500 of this money, less $100 attorney's fees and the costs of the action.

We perceive no error. The decree is affirmed.

MORRIS, C. J., PARKER, MOUNT, and CHADWICK, JJ., concur: