[No. 13330.   Department One.   June 23, 1916.]

EDNA HAWLEY, *Respondent*, v. WARREN HAWLEY, *Appellant*.

HUSBAND AND WIFE—SEPARATE MAINTENANCE—ACTION—DIVORCE. In a wife's action for separate maintenance it is error to deny the husband's cross-complaint for a divorce, where it appears that the wife was guilty of a fault that had not been condoned and that entitled him to a divorce under the statute.

Appeal from a judgment of the superior court for King county, Jurey, J., entered August 12, 1915, upon findings in favor of the plaintiff, in an action for separate maintenance, tried to the court.   Modified.

*Bixby & Nightingale*, for appellant.
*Chas. Ethelbert Claypool*, for respondent.

CHADWICK, J.—The parties to this action were married at Lynden, Whatcom county, Washington, July 5, 1905, and resided together in that vicinity until about October 1st, 1914, when, by an arrangement which seemed at the time to be mutually satisfactory, Mrs. Hawley took their two children, Dorothy and Lowell, and went to Seattle, where she has since resided, the appellant remaining at Lynden.

At the time of the separation, each took half of the community furniture, and a contract was entered into wherein is was agreed that the husband should pay to the wife $2,-000—$60 to be paid at once, and monthly installments of

$30. This promise was evidenced by a promissory note. Appellant mortgaged some property owned in his separate right to secure this obligation and has since observed its terms. In May, 1915, respondent filed a complaint in the superior court of King county, praying for a decree of separate maintenance in the sum of $100 per month. Appellant answered and filed a cross-complaint setting up a cause of action for a divorce. The court, after a trial on the merits, made an order allowing respondent $50 a month for her separate maintenance and for the maintenance of the children. Appellant was denied a divorce.

Opinions in divorce cases reciting the history of domestic infelicity and marital infidelity are of no importance to the profession or to the world at large. They point no moral and are of no value as a precedent, for each venture upon the sea of matrimony is a voyage upon an uncharted sea. Each voyager follows in a way that no other ever followed before. None finds the same rocks and shoals or the same peaceful and open waters. It is enough, then, for the court to know the facts of each particular case and, in its judgment, endeavor to best serve the public by shielding the unfortunate parties from the aspersions of society, and the children, if any, from the hurt that comes from a public recital of the faults of their parents; faults which may follow them throughout their lives.

Without going into detail, then, we find that respondent was guilty of a fault which has not been condoned by appellant, and that he is entitled to a divorce under the statute. We sustain the separation agreement, and give the children to the present care and custody of the respondent, with the right reserved to appellant to visit his children freely and to entertain them in his home and among his own people at such times as the parties may agree upon.

We think, considering the financial situation of the appellant, that forty dollars a month is as much as he is now able to pay as maintenance, and the decree will be so modi-

fied.  Each payment is to be credited upon the note until it
is paid, and to continue thereafter without further order of
the court, subject however, to the right of either party to
petition the court for a modification upon a showing of
altered conditions and circumstances.

Modified and remanded for the entry of a decree consist-
ent with this opinion.

MORRIS, C. J., MOUNT, FULLERTON, and ELLIS, JJ., con-
cur.