[No. 13454.    Department Two.    August 14, 1916.]

Ethel Clark, *Respondent*, v. David A. Clark, *Appellant*.[1]

Divorce—Appeal—Review—Findings. Since, in divorce, there is a trial *de novo* on appeal, it is immaterial whether the findings of fact support the decree, as the case is tried on its merits on the whole record.

Same—Custody of Child. The custody of a child may, on granting a divorce, be divided between the relatives of the parties when for the best interests of the child.

Appeal—Record—Presumption—Decree. On appeal, the decree must be taken as correctly speaking the judgment of the court.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered December 15, 1915, upon findings in favor of the plaintiff, in an action for divorce, tried to the court. Affirmed.

*H. E. Foster*, for appellant.

*Milo A. Root*, for respondent.

Morris, C. J.—Action for divorce. Appellant's chief contention seems to be that the findings of fact do not support the decree. This is immaterial, since the case is not here on the findings alone, but is to be tried *de novo* upon the whole

[1]Reported in 159 Pac. 702.

record, our statute providing that, upon appeal in cases of this character, this court shall be possessed of the whole case as fully as the lower court was, and shall render judgment according to the real merits of the controversy.

We are then to examine first the complaint to ascertain if cause for divorce be definitely stated, and then the proof to adjudge if such cause be established. The respondent alleged three causes of action, cruelty, nonsupport and infidelity. A cross-complaint was filed alleging desertion, gross improprieties and cruelty. Admittedly sufficient cause was stated, both in the complaint and in the cross-complaint, to sever this marital relation, and it is only necessary to examine the record to ascertain which cause, if any, has been proved. We have done so and find ample ground to sustain the decree. As was lately said in *Hawley v. Hawley*, 91 Wash. 646, 157 Pac. 1189, no good purpose can be served in reciting the evidence in divorce cases. It is enough to state the conclusions reached, without the nauseating detail so frequently found in cases of this character.

The parties are parents of a female child of the age of five years. The custody of this child was divided between the parents of respondent and the sister of appellant until September 1, 1917, when it was decreed that the parents of respondent should have such custody during the school year and the sister of appellant during the summer vacations, the decree fixing the amount to be paid each of these parties during the periods of such custody. We are satisfied that, under the circumstances, such disposition of the custody of the minor child is a wise one, and for the best interests of the child.

Some question is raised by respondent as to the decree incorrectly awarding the sums fixed by the lower court at the conclusion of the hearing. We must accept the decree as correctly speaking the lower court's judgment.

The decree is affirmed.

HOLCOMB, CHADWICK, and PARKER, JJ., concur.