[No. 16617.  Department Two.  January 11, 1922.]

MARY JOSEPHINE HUGHES, *Respondent,* v. PHILIP HUGHES, *Appellant.*[1]

APPEAL (416)—REVIEW—FINDINGS.  Though a divorce action is triable *de novo* on appeal, the findings of the trial court on conflicting evidence are of great weight, in view of the fact that it saw the witnesses and their demeanor and was in a better position to pass upon their credibility.

DIVORCE (80)—DIVISION OF PROPERTY—AWARD.  Where the community property of a husband and wife was of the value of $26,000 an award of $8,000 and $125 per month alimony on decreeing a divorce in favor of the wife was not excessive.

SAME (62, 63)—ALIMONY AND SUIT MONEY—AMOUNT.  In a divorce action, where the property rights involved amounted to $26,000 in value, an award in behalf of the wife of $650 attorney's fees, $60 per month for the support of three children whose custody was awarded to her, $200 per month temporary alimony and a further allowance pending appeal of $75 suit money, $500 attorney's fees and $100 per month was not unreasonable.

MACKINTOSH, J., dissents.

Cross-appeals from a judgment of the superior court for Walla Walla county, Mills, J., entered April 2, 1921, upon findings in favor of the plaintiff, in an action for divorce, tried to the court.  Affirmed.

*E. L. Casey* and *H. B. Noland,* for appellant.

*Sharpstein, Smith & Sharpstein,* for respondent.

HOLCOMB, J.—This is a bitterly contested divorce suit in which the court made findings and conclusions in favor of the wife, and a decree accordingly.  On October 8, 1920, respondent filed her complaint, alleging two causes for divorce—nonsupport and cruelty.  The complaint alleges that there are three children, of the ages of eight years, five years, and seven months; and that there is community property of the value of

[1]Reported in 203 Pac. 376.

$45,000. Respondent prayed for the custody of the children; for $200 per month temporary alimony; for an absolute divorce; and for attorney's fees. On November 1, 1920, an order was made requiring appellant to pay into court $50 for costs, $400 on account of attorney's fees, and $200 per month temporary alimony. On February 24, 1921, appellant made answer to the complaint, denying the allegations of nonsupport and cruelty, and as a separate, affirmative recriminatory defense, alleged misconduct on the part of respondent in her relations with a brother of appellant, which misconduct caused notoriety and gossip and rendered appellant's life miserable, and justified his conduct toward her. On March 5, 1921, after a trial, the court made findings, conclusions and a decree granting respondent a divorce; awarding her the custody of the children; and ordering appellant to pay her $125 per month until October 1, 1921, and on October 1, 1921, and the first day of each year thereafter, the sum of $1,000, until eight payments of $1,000 each had been paid, with six per cent interest on all of those amounts until fully paid. After October 1, 1921, appellant was also required to pay $60 per month until the children reached the age of eighteen years. The sum of $250 was allowed as additional attorney's fees. A lien upon the lands of the parties is decreed in favor of respondent to secure the payment of the $8,000 and the $125 per month; and except for such lien, the property of the parties is awarded to appellant. The court found the property to be community property of the value of $30,000, against which there was an indebtedness of $4,000 owing by appellant.

Appellant assigns as errors the making of ten of the eighteen findings of fact; the making of the conclusions of law; the refusal to dismiss the action; the granting of a decree against appellant; the awarding

to respondent of $8,000 and $125 per month and making the same a lien upon appellant's land; requiring appellant to pay $400 and $250 attorney's fees, and $60 per month to respondent's children after October 1, 1921; requiring appellant to pay $200 per month temporary alimony; and allowing $75 suit money, $500 attorney's fees on appeal, and $100 per month to respondent pending the appeal.

Respondent also cross-appealed on the eighteenth finding of fact made by the court, that the net value of the interest of the parties in the property was $26,000, and the decreeing to respondent only the sum of $8,000, instead of $13,000, together with the other sums to be paid as alimony, suit money, money for the support of the children and attorney's fees.

We have diligently examined the entire record. It would serve no good purpose to relate the evidence introduced or offered at the trial. Discussion in detail would be utterly profitless. The trial court saw the witnesses and their demeanor and found in favor of respondent. There was sharp conflict in the evidence. It is true there were more witnesses who testified in behalf of appellant than in behalf of respondent; but we have frequently announced that, though in a divorce suit the trial here is one *de novo,* the findings of the trial court upon conflicting evidence are entitled to great weight. We are in no position to pass upon the credibility of the witnesses. *Rogers v. Rogers,* 81 Wash. 502, 142 Pac. 1150; *Glenn v. Glenn,* 84 Wash. 215, 146 Pac. 619. These cases cited many of our previous decisions to the above effect.

We said in *Dyer v. Dyer,* 65 Wash. 535, 118 Pac. 634, that:

"In cases of this kind there is often an atmosphere apparent at the trial, sometimes elusive, but none the

less palpable to the trial court, which is seldom fully manifested in the written record.''

The trial court could have found either way; and, having carefully scrutinized the findings of fact and examined the evidence shown in the record, we are unable to say that the evidence preponderates against the trial court's findings in any respect. Suffice it to say that, by way of recrimination, the endeavor of appellant tended very largely to cast infamy upon respondent and two of the children by accusations of infidelity upon the part of respondent, which the trial court found were not sustained.

As to the disposition of the property, we consider the award made to respondent very lenient to appellant, in view of the trial court's findings. Nor are we disposed, upon the entire record, to disturb the allowances made for alimony, support of the children, suit money, attorney's fees, and for alimony and attorney's fees pending appeal, upon the appeal of either appellant or respondent.

The decree is in all respects affirmed.

FULLERTON, MAIN, and HOVEY, JJ., concur.

MACKINTOSH, J. (dissenting)—The testimony does not lead me to believe that the respondent was entitled to a divorce. Until this opinion was written, it was not the law that a wife could, by brazen immorality, give, not her husband, but herself, good ground for divorce. The rewards ought to be to the virtuous.