[No. 21554. Department Two. July 8, 1929.]

ELSPETH McCALLUM, *Respondent,* v. ARCHIE C. McCALLUM, *Appellant.*[1]

[1]Reported in 279 Pac. 88.

2

W. H. *Abel (J. C. Cheney,* of counsel), for appellant.
*O. L. Boose,* for respondent.

MILLARD, J.—This is an action by a wife for divorce from her husband upon the ground of cruelty. Defendant's motion for a change of venue from Yakima county to Grays Harbor county, upon the ground that the plaintiff was a resident of the latter county, was denied. From the decree granting a divorce to the plaintiff, and providing for alimony, attorney's fees, division of the community property and custody of the minor child, the defendant has appealed.

Respondent and appellant intermarried in Yakima county in 1920. From June, 1924, when they removed from Yakima county, until their separation on February 29, 1928, the parties herein continuously resided at Montesano, in Grays Harbor county. The only issue of the union is a daughter, who was born in June, 1921. No useful purpose would be served by reviewing, in detail, the evidence, which is sufficient to show, if believed by the court, that the appellant frequently charged his wife with infidelity, repeatedly addressed her in a vulgar manner and, as a crowning indignity, the night of February 28, 1928, accused her of unfaithfulness and ordered her from their home. On the morning of February 29, 1928, the respondent de-

parted for the home of her parents at Mabton, in Yakima county. She was overtaken in the city of Yakima by the appellant, who accompanied her to Mabton, where appellant's parents also reside. Respondent and appellant agreed *en route* from Yakima to not reveal their marital difficulties to the parents that night. They proceeded to the home of the wife's parents, arriving there between one and two o'clock the morning of March 1. Respondent and appellant occupied the same bed in that home the remainder of the night. About noon of March 1, the complaint for divorce was filed.

Appellant first complains that the court erred in denying the motion for a change of venue from Yakima county to Grays Harbor county.

"Any person who has been a resident of the state for one year may file his or her complaint for a divorce or decree of nullity of marriage, under oath, in the superior court of the county where he or she may reside, and like proceedings shall be had thereon as in civil cases." Rem. Comp. Stat., § 984.

While respondent alleged, and the court so found, that she had resided in the state the statutory period, she did not aver, and the court did not make a finding, that she resided in Yakima county at the time she instituted her action for divorce. Appellant insists that the provision of the statute, that the complaint may be filed "in the superior court of the county where he or she may reside," was intended to declare a fact essential to jurisdiction, and was not merely intended to prescribe the venue; therefore, the respondent not having alleged and proved, and the court not having found, that she was a resident of Yakima county at the time the divorce action was commenced, the trial court did not have jurisdiction of the cause.

We do not understand counsel to argue that respond-

ent could not acquire a domicile in Yakima or any other county without reference to the domicile of her husband. Prior to her marriage, the respondent had resided many years with her parents in Yakima county. It was the natural thing for her to do, to return to the home of her parents when she could not longer endure the cruelty inflicted by the appellant. While the husband has the right to fix the matrimonial home, yet, when he drives her from the home, the wife may remove to another jurisdiction and acquire a new residence.

Appellant contends that the evidence will not support a finding that respondent was a legal resident of Yakima county. This argument is based upon the short period of time in which she was in the county prior to the commencing of the action. It is true she filed her suit within twelve hours following her return to Yakima county. It is manifest from the evidence that she intended to permanently reside in that county when she departed from Montesano February 29. She arrived in Yakima county about midnight February 29, and, about noon of March 1, commenced the suit for divorce. The statute does not prescribe the period of time one must reside in the county to acquire a legal domicile for the purpose of commencing an action for divorce. The provision is that she may file her complaint in the county where "she may reside." At the hearing on the motion for a change of venue, it clearly appeared that she resided in Yakima county and intended to permanently reside therein. Respondent complied with the statutory prerequisites.

"Where a wife separates from her husband and goes to live with a relative with the intention of making it her home, she may in that county apply for a divorce, and this is her domicile for the purpose of jurisdiction. The act and intention of making this her

home decide the matter." Schouler on Marriage and Divorce (6th ed.), vol. 2, § 1506.

See *McClintock v. McClintock,* 147 Ky. 409, 144 S. W. 68, 39 L. R. A. (N. S.) 1127.

It should be remembered that in a divorce action the cause is triable *de novo* in this court *(Kane v. Kane,* 35 Wash. 517, 77 Pac. 842), and the cause is here

". . . to be tried *de novo* upon the whole record, our statute providing that, upon appeal in cases of this character, this court shall be possessed of the whole case as fully as the lower court was, . . ." *Clark v. Clark,* 92 Wash. 450, 159 Pac. 702.

 Amendments to pleadings in divorce actions are permissible to the same extent, and under like restrictions, as in other suits.

We have before us in the statement of facts the testimony of the parties and witnesses at the hearing on the motion for a change of venue. Of course, it is conflicting. However, we are convinced by our examination of the evidence that the trial court's denial of the motion for a change of venue was correct. The trial judge was in a better position to determine the credibility of the parties and the witnesses, and his ruling based on their testimony is also entitled to consideration. The trial judge said:

"On the question of residence it seems to me that the affidavit of the defendant is substantially as shown by the testimony of the plaintiff on the stand, that she lived there (Montesano) on February 29, and arrived at Mabton on the 1st of March, and on the same day commenced a suit for divorce. Now, then, if her intention was to make her residence in Yakima county, it seems to me she comes within the rule, because her testimony shows directly it was her intention to so establish her residence, and it also shows that she left there (Montesano) on his assertion that she get out and not come back, or something to that effect. I think

the plaintiff has established her residence in Yakima county.''

The allegation of residence within the state the required period of time was broad enough to permit of proof that respondent was a resident of Yakima county. That proof was made at the hearing on the motion for a change of venue. The allegation was hardly more than a defective averment of a material fact, and, upon a proper showing, could be perfected by adding a phrase showing residence in the county of the court where the action was started. The showing made in the hearing on the motion for a change of venue was sufficient to justify the granting of a motion to amend the complaint, had such motion been made. Following the hearing on the motion for a change of venue, the trial court proceeded as though the complaint was in fact amended. There is no doubt as to the nature of the amendment that should have been made, or that, if it had been reduced to writing, only a few lines would have been required to make the complaint conform to the contention of appellant. The trial judge, by his ruling in the hearing on the motion for a change of venue, stated the respondent was a resident of Yakima county. We do not understand that the appellant contends that the trial court did not have the power to allow an amendment to the complaint if request to amend had been made. In cases where suit for divorce was brought, it has been held that matters purely jurisdictional may be made the subject of amendment the same as other matters of substance. *Johnson v. Johnson,* 30 Colo. 402, 70 Pac. 692; *Mix v. Mix,* 1 Johns. Ch. (N. Y.) 204; *Barrett v. Barrett,* 37 N. J. Eq. 29; *Gust v. Gust,* 70 Wash. 695, 127 Pac. 292; *Pfueller v. Superior Court,* 14 Wash. 115, 44 Pac. 123.

In *Pfueller v. Superior Court, supra,* the wife

brought an action for a divorce. The husband demurred and submitted proof that he was a resident of Douglas county, and moved for a change of venue to that county. The demurrer was overruled and the motion denied. In denying the application of the husband for a writ prohibiting the superior court from proceeding with the action, we said:

"The complaint in this action contained no allegation as to the residence of the plaintiff, but at the hearing on the motion for a change of venue she made proof that she was a resident of Snohomish county. The complaint, of course, was defective in this particular, but if in fact the plaintiff is a resident of such county, it can be amended to so allege."

In *Johnson v. Johnson*, 30 Colo. 402, 70 Pac. 692, under a statute providing that a divorce shall not be granted unless the plaintiff "shall have been a *bona fide* resident and citizen of this state for one year prior to the commencement of the action," and that suit "shall only be brought in the county in which such plaintiff resides," it was held that the allegation that plaintiff was a *bona fide* resident and citizen of the state was sufficient to confer jurisdiction, and that a motion in arrest of judgment after the verdict, made on the ground that the complaint failed to allege that she was a resident of the county as required by statute should be denied and the complainant allowed to amend the complaint to conform to the proof which showed the necessary residence in the proper county.

And in *Gust v. Gust*, 70 Wash. 695, 127 Pac. 292, where a motion to dismiss, upon the ground that the complaint failed to allege the plaintiff's residence, was first made at the close of plaintiff's evidence, which fully covered the defect by showing the required evidence, it was held that the trial court properly denied the motion to dismiss on such ground and permitted an amendment to supply the omission.

We have adopted the liberal rule of allowing an amendment of the pleadings or in regarding the amendment as made to support the judgment, where the amendment is of such a nature it should have been allowed by the lower court upon request and substantial justice would be promoted by such procedure. Under paragraph 9 of Rule III of Rules of Pleading, Procedure and Practice, adopted by this court January 14, 1927 [Rem. 1927 Sup., § 308-3],

"At any time after trial, whether before or after judgment, the trial or appellate court may allow or make any amendment necessary to make a pleading conform to the proof, so far as may be just,"

an amendment to make a pleading conform to the proof may even be allowed for the first time in this court.

From the evidence it is clear that the respondent has been a resident of the state of Washington for many years prior to the commencement of this action, and that she resided in the county in which the action was brought. In the complaint, there is not an entire absence of allegation as to the residence of the respondent. She alleged residence within the state. Her failure to allege residence within Yakima county at the time the action was commenced is a defect that could have been cured by amendment in the trial court and will be deemed to be amended here to conform to the proof that the respondent was in fact a resident of Yakima county at the time she filed her complaint.

*Ramsdell v. Ramsdell*, 47 Wash. 444, 92 Pac. 278, cited by counsel for appellant, is not apposite. In that case, the plaintiff did not allege that she had been a resident of the state the statutory period, nor did she allege that she was a resident of the county in which she brought her suit, and she also failed to bring before us the statement of facts. We said:

"The complaint and findings being both deficient, *and the testimony not being before us,* we cannot indulge in any presumptions or deem the complaint amended to conform to the proofs, as there is nothing to amend by." (Italics ours.)

That case is clearly distinguishable from the case at bar.

Appellant's next contention, that respondent's sharing the same bed with him the night of February 29 or early morning of March 1 in the home of her parents at Mabton, was condonation, is without merit.

The appellant pursued his wife after he had driven her from their Montesano home. He overtook her at Yakima, and accompanied her to Mabton. Consideration for her parents, the desire to avoid a scene that night in the home of her parents, doubtless induced respondent to occupy the same bed with appellant. Within twelve hours of her arrival in Yakima county, she filed suit for divorce, which is indicative of her intention to no longer tolerate the insults and indignities to which she had been subjected for a number of years.

It is manifest that the trial court did not believe that the parties cohabited and that respondent forgave appellant. Such defense was a burden upon the appellant which he did not sustain. Clearly the trial court was of the view that the appellant failed to carry the burden even when aided by the presumption of condonation attendant upon occupation of the same bed.

The provisions of the decree as to alimony, attorney's fees, division of the property and custody of the minor child, are not unreasonable under the record showing made.

The application of respondent for a further allowance as attorney's fees for resisting this appeal, is

denied. It appears from the record that the statutory fees and costs which will be allowed respondent are sufficient.

The decree is in all respects affirmed.

PARKER, FRENCH, and MAIN, JJ., concur.