[No. 27935.   Department One.   May 3, 1941.]

W. A. TAYLOR, *Respondent*, v. DAISY WINNEFRED TAYLOR, *Appellant*.[1]

*Edgar P. Reid,* for appellant.

*J. C. McCoy,* for respondent.

DRIVER, J.—This is an action for divorce brought by the plaintiff husband.  The amended complaint alleged the statutory ground of cruel treatment and personal indignities rendering life burdensome.  The answer denied the material allegations of the amended complaint and, in an affirmative defense, charged certain misconduct on the part of the plaintiff.  The trial court entered findings of fact, conclusions of law, and interlocutory order in favor of the plaintiff; and the defendant appealed.

The only question presented for determination is the sufficiency of the evidence to sustain the findings and interlocutory order.

The parties intermarried in January, 1935.  Each of them was then past middle age and had previously

'Reported in 113 P. (2d) 64.

been married. No children were born of their union. They seem to have had disagreements and difficulties almost from the outset of their marital venture. It was alleged in the answer, and, in effect, admitted by the reply: "That subsequent to the marriage of these parties, numerous actions for divorce as well as separate maintenance were begun in the above entitled court, . . ." They lived separate and apart during the entire spring and summer of 1937, again separated in the year 1938, and did not thereafter live together prior to the trial.

As it was aptly observed by Judge Chadwick in *Hawley v. Hawley,* 91 Wash. 646, 157 Pac. 1189, the recitation of the evidence in a contested divorce action serves no useful purpose whatsoever, and we shall not undertake a detailed review of the testimony in the present case. The respondent testified that the appellant continuously nagged him; suspected and accused him of deceiving her with reference to his business, money, and property affairs; told him she would not live with him if he were "the last man on earth"; and, on numerous occasions, called him "a liar and a crook and lazy." Such testimony was contradicted by appellant, and, in support of her contention that he was at fault and not entitled to a divorce, she and her witnesses related certain acts and conduct of the respondent, which, for the most part, he denied.

Although, on appeal of a suit for divorce, the hearing in this court is *de novo,* yet the trial court's findings based upon conflicting testimony are entitled to great weight. *Hale v. Hale,* 76 Wash. 34, 135 Pac. 481; *Rogers v. Rogers,* 81 Wash. 502, 142 Pac. 1150; *Hughes v. Hughes,* 118 Wash. 262, 203 Pac. 376.

Under the circumstances of the instant case, the language of Judge Tolman, speaking for the court in

*Bungay v. Bungay,* 179 Wash. 219, 36 P. (2d) 1058, is equally applicable here:

"The whole history of this marital enterprise is revealed in the record from conflicting viewpoints. Whether the truth be as contended by the wife or whether the version of the husband be accepted, in either event the marriage has proved to be a failure; and the record reveals no basis for a hope that any enduring structure can be built upon the wreck. It is probable that, making due allowance for human frailties and the natural impulse for self-justification, the truth lies somewhere between the two extremes, but that does not better the situation."

Taking into consideration the advantageous position of the trial court in passing upon the credibility of the witnesses, we are unable to say, after examination of the entire record, that the evidence preponderates against the court's findings of fact. On the contrary, we think the evidence is sufficient to support the findings and the interlocutory order, and, therefore, the judgment is affirmed.

BEALS, BLAKE, JEFFERS, and STEINERT, JJ., concur.