[No. 6856. Decided December 20, 1907.]

CARRIE ELLEN COZARD, *Appellant*, v. MILES C. COZARD,
*Respondent*.[1]

APPEAL—RECORD—ADMISSION OF EVIDENCE. Prejudicial error can-
not be claimed in admitting in evidence a letter, where the same is
not made part of the record on appeal.

DIVORCE—ADULTERY—CONDONATION. Where condonation of acts of
adultery was conditional, a breach of the condition works a revival
of the offense.

SAME—CUSTODY OF CHILDREN. In granting a divorce on the
ground of adultery of the wife, a decree granting the custody of the
children to the husband is warranted where the wife's conduct
showed that she was not a proper person to have their custody.

SAME—DECREE—AWARD OF COMMUNITY PROPERTY. Upon granting
a divorce to a husband and awarding him the custody of four chil-
dren, it is not an abuse of discretion to award to him one-half of
the community property, valued at $2,500, and one-half to the
children, he to pay the wife $250.

SAME—SUPPORT OF CHILDREN. A wife, divorced on the ground of
adultery, cannot complain that the court had no power to award
one-half of the community property to four minor children, whose
custody was awarded to the husband, since the court could have
awarded it to the husband for their support.

Appeal from a judgment of the superior court for Spo-
kane county, Poindexter, J., entered February 23, 1907, upon

[1]Reported in 92 Pac. 935.

findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action for divorce.  Affirmed.

*Delameter & Blake,* for appellant.

*E. O. Connor,* for respondent.

RUDKIN, J.—The plaintiff, in the court below, insituted an action for divorce against the defendant on the ground of cruel treatment and personal indignities rendering life burdensome.  The defendant denied the allegations of cruel treatment and personal indignities, and by cross-complaint sought a divorce from the plaintiff on the ground of adultery and cruel treatment and personal indignities on her part.  The court found that the allegations of the complaint were not proved; that the allegations of the cross-complaint were proved; that the plaintiff was not a fit or proper person to have the care, custody and control of the four minor children of the marriage, of the ages of 15 years, 13 years, 11 years, and 6 years, respectively, and awarded the defendant a divorce on his cross-complaint, together with the care, custody and control of the four minor children, and one-half of the community property.  The other half of the community property was awarded to the children, and the defendant was directed to pay to the plaintiff forthwith the sum of $250. From this judgment the plaintiff has appealed.

The first contention is that the court erred in admitting in evidence a certain letter claimed to have been written by the appellant.  Neither the letter nor its contents is made a part of the record, and we are unable to say that its admission was prejudicial, even though we should be of opinion that it was improper.  The refusal of the court to strike testimony relating to certain acts of adultery, which had been condoned by the respondent, is the next error assigned.  While it appears that there was in fact and in law a condonation of the offense referred to, yet such condonation was conditional only, and we think a breach of the condition was clearly shown.  Such

breach works a revival of the original offense and permits of a divorce therefor.  14 Cyc. 637.

Insufficiency of the evidence to sustain the findings of the court on the charges of adultery is the subject of the next assignment.  When all the testimony, direct and circumstantial, is considered we think it points unerringly to the conclusion reached by the trial court, and we deem it unnecessary to review the evidence in this opinion.  The ruling of the court in awarding the custody of the four minor children to the respondent is assigned as error, but, when we consider the conduct of the appellant during the last two years of her married life, her conduct in leaving her home and her children without any excuse or justification therefor, and her course of conduct after leaving her home, we think the trial court was fully warranted in finding that she was not a fit or proper person to have the care, custody or control of these minor children.

It is next contended that the court erred in allowing the appellant only the sum of $250 out of the community property.  It appears from the testimony that the entire community property was of the value of approximately $2,500, and when we consider the respective merits of the parties and the burdens imposed upon the property for the benefit of the minor children, we are not prepared to say that there was an abuse of discretion in the matter complained of.  It is finally contended that the court had no power to award one-half, or any portion, of the community property to the children.  Had the court not awarded the property to the children directly it doubtless would have awarded it to the respondent for their support and maintenance.  The appellant has therefore no ground of complaint, and we will not consider the abstract question presented. ·

We find no error in the record and the judgment is affirmed. Neither party will recover costs on this appeal.

HADLEY, C. J., FULLERTON, CROW, DUNBAR, and MOUNT, JJ., concur.