[No. 15033.  Department One.  January 10, 1919.]

EDNA QUIENT, *Respondent,* v. JOHN QUIENT,
*Appellant.*[1]

DIVORCE (12)—CONDONATION—ACTS CONSTITUTING.  The fact of living with her husband until she brought suit for divorce does not operate as a condonation of conduct amounting to cruelty which consisted of a series of acts and continued course of conduct.

SAME (80)—DIVISION OF PROPERTY.  An allowance to the wife of $1,000, and the household furniture valued at $750, and a home valued at $5,500, in trust for the benefit of a minor child, is not an unfair division, where the balance of the property, worth at least $6,000, was awarded to the husband, even though it was largely separate property.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered April 13, 1918, upon findings in favor of the plaintiff, in an action for divorce, tried to the court.  Affirmed.

*Piles & Halverstadt,* for appellant.
*Thorwald Siegfried,* for respondent.

MAIN, C. J.—The plaintiff brought this action for the purpose of obtaining a divorce from the defendant. The allegations of the amended complaint, which will be referred to as the complaint, were denied by an answer.  The cause proceeded to trial and resulted in a judgment of absolute divorce, awarding the custody of the minor child to the plaintiff, and a division of the property.  From this judgment, the defendant appeals.

The parties to the action were married on June 17, 1913.  As a result of the marriage, one child was born, a daughter, who, at the time of the trial, was less than four years old.  The respondent, in her complaint, claimed the right to a divorce on the ground of cru-

[1]Reported in 177 Pac. 779.

elty, personal indignities rendering her life burdensome, and failure of the appellant to properly support and maintain herself and child. The trial court made findings sustaining the allegations of the complaint, and entered a judgment as above indicated.

It is first contended that the evidence does not sustain the findings of the trial court. It is probably true that the evidence fails to disclose any one act of shortcoming on the part of the husband which in itself would be sufficient to justify the divorce. But when the record is read in its entirety it discloses a course of conduct on the part of the husband, beginning early in the married life of the parties, which was humiliating and distressing to the wife, and which was prompted by his imperious and domineering disposition and utter lack of affectionate regard for his wife and her rights as a party to the union. It is unnecessary here to set out this distressing story, but it is sufficient to say that a careful consideration of the evidence leads us to the conclusion that the trial court properly entered a judgment dissolving the bonds between the parties.

It is next contended that, since the parties lived together until the very time when the action was instituted, the conduct of the husband has been condoned. Whatever the law of condonation may be, generally speaking, it is not applicable to the facts in this case. Where the conduct of the husband consists of a series of acts or a course of conduct such as this record discloses, the fact that the wife continues to live with him until the institution of the action, in the hope of better treatment, does not work a condonation of his conduct. 14 Cyc. 640; *Creyts v. Creyts,* 133 Mich. 4, 94 N. W. 383; *Phillips v. Phillips,* 1 Ill. App. 245; *Marks v. Marks,* 56 Minn. 264, 57 N. W. 651, 45 Am. St. 466.

It may be remarked in passing that condonation was not pleaded as a defense in this case. But it is unnecessary here to consider to what extent the court will regard evidence of condonation (which is an affirmative defense and should be pleaded) when the same has not been pleaded. As already pointed out, the evidence does not show condonation.

Finally, it is claimed that the court made an improper division of the property. The respondent was given the sum of $1,000 and the household furniture, which it was claimed was of the value of $750. The home, which was of the approximate value of $5,500, was given to the respondent in trust for the use, support and benefit of the minor child, with the proviso that, in case of her death prior to reaching majority, the same should be for the use and benefit of respondent. The balance of the property, which was at least of the approximate value of $6,000, was to be retained by appellant. Even though the property may have been largely the separate property of the appellant, the trial judge did not abuse his discretion in making the division. It has been often held that, in actions of this kind, the property of the parties, whether separate or community, is before the court to make such disposition thereof as may be legally proper and just. Under this judgment the wife gets less than one-third as much property as the husband. The giving of the home to the child, as set out in the judgment, was not unreasonable.

The judgment will be affirmed.

FULLERTON, MITCHELL, TOLMAN, and CHADWICK, JJ., concur.