[No. 31553.   Department Two.   March 15, 1951.]

MARJORIE MURRAY, *Respondent,* v. CHARLES MURRAY, *Appellant.*[1]

[1]Reported in 229 P. (2d) 309.

*Ralph Purvis* and *James B. Sanchez,* for appellant.

*Ray R. Greenwood* and *Frank A. Shiers,* for respondent.

HAMLEY, J.—Plaintiff sued for divorce on the grounds of cruelty and personal indignities rendering life burdensome. Defendant denied the allegations of the complaint and, by way of affirmative defense, pleaded condonation. The trial court granted the divorce. Defendant has appealed. Counsel for appellant did not participate in the oral argument before this court.

Appellant first contends that the findings of fact to the effect that appellant had been guilty of cruel treatment to respondent since May, 1949, and that appellant had not given up the habit of excessive use of intoxicating liquor since that date, are not supported by the evidence. It was in May, 1949, that appellant had ceased a two-and-a-half-year period of idleness and began operating a tavern which the parties had purchased.

Respondent testified that, since the purchase of the tavern, appellant had been cold and uncivil and displayed no affection; that he had unjustifiably accused her of misconduct with his best friend; that he had threatened her life and threatened to take his own life; and that he had endeavored to coerce her into placing their four-year-old child in a nursery school so that she could become a barmaid in the tavern.

Respondent also testified that appellant's drinking continued up to the time the action was instituted, though to a considerably less extent than formerly. Respondent and appellant's mother, in the fall of 1949, tried to get appellant to "take the cure," but he refused to do so. Two witnesses told of appellant drinking at times, since May, 1949, when he had the little girl in his custody. The former bartender at the tavern testified that appellant drank whisky at the tavern at various times since May, 1949, but that appellant did not become intoxicated. Another witness stated that she had seen appellant drinking in September, 1949. Both respondent and her mother testified that they had seen

appellant under the influence of liquor on several occasions since he began operating the tavern.

Appellant disputed most of the testimony relative to cruelty and personal indignities, and offered explanations for some of his conduct. He admitted excessive drinking prior to May, 1949, but denied continuance of the habit after that date. He further testified that he had not touched liquor for seventy-one days immediately preceding the trial.

The evidence, taken as a whole, shows that appellant's conduct since May, 1949, had been considerably less blameworthy than during the preceding ten years of their married life. Nevertheless, as indicated above, there is evidence indicating some continuing acts of cruelty, personal indignities and excessive drinking since that time and prior to the institution of this action on December 10, 1949.

The trial court's findings of fact in divorce actions are entitled to great weight. *Taylor v. Taylor,* 8 Wn. (2d) 565, 113 P. (2d) 64; *Sinnott v. Sinnott,* 27 Wn. (2d) 520, 179 P. (2d) 305. This is particularly true, where, as here, the determination of fact is largely dependent upon the relative credibility of witnesses who present conflicting testimony. *Gillespie v. Gillespie,* 26 Wn. (2d) 134, 173 P. (2d) 176. We are of the view that the findings of fact in question are supported by substantial evidence.

Appellant next contends that respondent condoned appellant's acts committed prior to May, 1949, by continuing to live and maintain normal marital relations with him for a period of months after that date.

In *Averbuch v. Averbuch,* 80 Wash. 257, 141 Pac. 701, we approved the following definition of the doctrine of condonation:

"Condonation is forgiveness ·with an implied condition that the injury shall not be repeated, and on breach of this condition the right to a remedy for former injuries revives (Greenleaf, Evidence, 14th ed., § 53)." (p. 259)

Whether the words, acts, or course of conduct of the parties in a particular case constitute condonation is a question of fact. The burden is upon the party asserting that defense to establish condonation. *McCallum v. McCallum,*

153 Wash. 1, 279 Pac. 88. Here respondent expressly denied that she had condoned appellant's prior acts or had forgiven him. She testified: "I hadn't forgiven him, but I was trying to make a go of the marriage."

Mere continuance or resumption of normal marital relations is usually sufficient to establish condonation, where the misconduct complained of consists of relatively isolated incidents of infidelity or cruelty. *Johnsen v. Johnsen,* 78 Wash. 423, 139 Pac. 189, 1200; *Rogers v. Rogers,* 81 Wash. 502, 142 Pac. 1150; *Prothero v. Prothero,* 137 Wash. 349, 242 Pac. 1; *Robinson v. Robinson,* 23 Wn. (2d) 93, 159 P. (2d) 903.

Where, however, the criticized action consists of cruelty or personal indignities constituting a course of conduct over a long period of time, continuation of cohabitation is not necessarily proof of condonation. *Quient v. Quient,* 105 Wash. 315, 177 Pac. 779. The forbearance of the wife and her patience in enduring personal indignities and cruel treatment in the hope of her husband's reform and for the purpose of salvaging her marriage, or in the belief that such sacrifice is in the best interest of the children, should not be confounded with or construed as condonation or reconciliation. 14 A.L.R. 931, 933, annotation.

Moreover, as expressed in the rule quoted above, condonation and forgiveness for past acts are always on condition that they will not be repeated. If the misconduct is thereafter repeated, the original acts may be relied upon as grounds for divorce. *Denison v. Denison,* 4 Wash. 705, 30 Pac. 1100; *Cozard v. Cozard,* 48 Wash. 124, 92 Pac. 935; *Averbuch v. Averbuch, supra;* *Rogers v. Rogers, supra.* While condonation will not be considered removed by proof of slight delinquency, it is not necessary that the reviving acts of misconduct in and of themselves be such as to constitute independent grounds for divorce. *Rogers v. Rogers, supra.*

The trial court found, in effect, that appellant was guilty of continuing acts of cruelty, visited personal indignities upon respondent, and continued his habit of excessive drinking, after purchase of the tavern in May, 1949. There-

fore, if respondent's continued cohabitation with appellant after that date can be regarded as condonation of acts prior to May, 1949, the condition attached to her forgiveness was breached, under the above rule, and she was no longer precluded from grounding her divorce action upon those acts. Cohabitation apparently ceased about two months before the action was instituted, although the parties continued to reside in the same house until the complaint was filed.

Appellant makes the further contention that there was an actual reconciliation of the parties and a resumption of the marital relationship for one day following the filing of the complaint. This has to do with an incident which occurred on January 10, 1950, when appellant and friends of his went to the home to return the child, who had been visiting with appellant. The evidence is in direct conflict on this point, respondent categorically denying that there was a reconciliation or any resumption of cohabitation. The trial court apparently believed respondent, and we are not in a position to say that this was error.

Finally, appellant contends that the trial court abused its discretion in the matter of distributing the community property. The decree sets over to respondent the net community assets, valued at approximately $11,373, providing that, upon the sale of certain property, respondent shall pay to appellant two thousand dollars.

The decree was entered on May 1, 1950. On May 26, 1950, respondent paid this two thousand dollars into the registry of the court. The appeal was taken on May 31, 1950. On June 5, 1950, appellant, through his attorney, drew this money and receipted for it. The action of appellant's counsel in effect satisfies the judgment of record, in so far as the property award is concerned.

The general rule in effect in many jurisdictions is that such action constitutes a waiver of the entire right to appeal the divorce decree. 169 A. L. R. 985, 999, annotation. Respondent here does not advance such a broad contention, but argues only that the appeal becomes moot in so far as the property settlement is concerned. Without deciding the

broad question of waiver as to the entire appeal, we agree with respondent that the assignment of error as to the property award has now become moot. *Lyons v. Bain,* 1 Wash. T. 482; *Maxham v. Berne,* 88 Wash. 158, 152 Pac. 673.

The judgment is affirmed.

SCHWELLENBACH, C. J., ROBINSON, MALLERY, and GRADY, JJ., concur.