[No. 33259. Department One. November 10, 1955.]

EVA M. ABEL, *Respondent*, v. WALTER CLIVE ABEL, *Appellant*.[1]

[1] Reported in 289 P. (2d) 724.

*Lester T. Parker* and *Clark W. Adams,* for appellant.

*Paul O. Manley* and *William L. Hyndman,* for respondent.

OTT, J.—This is an appeal from a judgment entered by the trial court in a divorce proceeding. The assignments of error pertain to the amount of attorneys' fee allowed, the disposition of the property, the jurisdiction of the court to establish a trust in a third person for the benefit of the children, and its jurisdiction to impose a lien upon property outside the state of Washington.

The appellant's first assignment of error alleges that the court abused its discretion in fixing a fee for respondent's attorneys in the sum of $25,000. The property involved had a gross value of $1,691,849.53, and a net value of $1,544,-496.16. The case was in litigation for two years. It was necessary for respondent to compel appellant to furnish an itemized list of the assets, both separate and community. In order to arrive at a determination of the fair market value of the property, respondent employed accountants, and caused timber cruises to be made. The property was located in California, Oregon, and at least six counties of the state of Washington. It consisted principally of logging equipment, timberlands, logged-off land, and stocks in timber and land corporations.

Counsel's preparation for trial required study of the accountants' reports and of the cruises. There were numerous court hearings, motions, and continuances, and five days of actual trial.

It was the contention of the appellant that virtually all of the property involved was separate property. The court found that the community owned property of the value of $747,055.53, and from this awarded respondent property of the value of $250,000.

No expert testimony was offered for the guidance of the court in its determination of a reasonable attorneys' fee. RCW 26.08.190 [*cf.* Rem. Supp. 1949, § 997-19] provides, in

part, that ". . . the court may, in its discretion, award attorneys' fees and costs to either party."

Appellant does not question the propriety of the court's allowance of an attorneys' fee. The assignment of error is that the *amount* allowed by the court is so excessive as to establish an abuse of discretion.

The statute gives to the court discretionary power to determine (1) whether or not an attorneys' fee will be allowed, and (2) the amount of such fee. This court is a reviewing body, and causes are not tried *de novo* on appeal. To substitute this court's opinion for that of the trial court would be, in effect, considering the cause *de novo*. To justify interference by a reviewing court, in cases where it is alleged that a trial court abused its judicial discretion, proof that the discretion exercised was clearly untenable or manifestly unreasonable is required. *Berol v. Berol,* 37 Wn. (2d) 380, 382, 223 P. (2d) 1055 (1950). Abuse of judicial discretion is, therefore, never presumed.

In *Rentel v. Rentel,* 39 Wn. (2d) 729, 735, 238 P. (2d) 389 (1951), this court announced that the following should be considered in determining reasonable attorneys' fees: (1) The factual and legal questions involved, (2) the time necessary to prepare and present the case, and (3) the amount and character of the property involved. The results obtained and all other factors bearing thereon are also proper elements to be considered.

Applying this test in the instant case, the factual and legal questions were numerous, the time necessary to prepare and present the case was over two years, the value of the property involved was more than one million five hundred thousand dollars, two hundred and fifty thousand dollars was awarded to respondent, and a child custody award favorable to the respondent was obtained. In his brief, appellant cites many cases which indicate that the value of the property involved does not, of itself, justify a fee in the amount here allowed. From a reading of the cited cases, we are unable to determine what factors guided the courts in determining the fees therein fixed. This court is committed to the principle that each case must be deter-

mined upon its own facts, applying thereto the test announced herein.

From the record before us, we hold that the trial court did not abuse its discretion in fixing the fee of twenty-five thousand dollars for respondent's attorneys.

The appellant's second assignment of error challenges the jurisdiction of the court to establish a trust in a third person for the benefit of the children. He contends that the statute provides that property shall be disposed of between the parties, and that to impound funds in a third person as trustee is beyond the express statutory provisions of our divorce law, for the reason that such a trustee is not a party to the action.

RCW 26.08.110 [cf. Rem. Supp. 1949, § 997-11] provides, in part, that the court shall make such disposition of the property

"  .  .  .  as shall appear just and equitable, having regard to the respective merits of the parties, . . . and to the burdens imposed upon it for the benefit of the children, and shall make provision . . . for the custody, support and education of the minor children of such marriage. . . ."

The appellant cites *Quient v. Quient,* 105 Wash. 315, 177 Pac. 779 (1919) in support of his contention that the disposition of the property must be *between the parties.* In that case, this court approved the establishment of a trust for the support of the child, in which trust the mother of the child was nominated as trustee. The case is authority for the proposition that the court has power to establish a trust. It is not authority for the contention that it would be error to nominate a third person as trustee. That issue was not before the court.

In *Cozard v. Cozard,* 48 Wash. 124, 92 Pac. 935 (1907), this court approved an award *directly* to the children of property involved in a divorce action. Since minor children are not parties to a divorce action, an award to them directly is a disposition of the property other than between the parties to the action. This court, therefore, has approved the disposition of property to persons other than

the parties to the divorce action, when the care, support, and welfare of children are involved.

It follows, therefore, that, in giving effect to the court's duty to make provision for the welfare of children during their minority, part of the property may be impounded in a trust, either where one of the parties is named as trustee or where a third person is named as trustee.

Appellant argues that it is not known if the trust company selected by the court would assume the duties of the trust. In this regard, the court requested in its memorandum opinion that the parties agree upon a trustee to be named. They failed to inform the court of their choice. Thereupon, the court named a corporation engaged in that business to act as trustee, reserving in the court the right to approve the trust agreement when presented. The question of the nominated trustee's refusal to act is not before us. However, in the event the nominated trustee should decline to act, the court, having continuous jurisdiction over the welfare of the children, has inherent power to appoint another trustee.

■ We, therefore, hold that the trial court, in the exercise of its discretion in providing for the welfare of minor children, has authority to impound property of the parties in a third person trustee for the benefit of the children, in such amounts and upon such terms and conditions as the court shall approve and deem reasonable.

Appellant's third assignment is that the court erred in finding the property of the community to be of the value of $747,055.53.

■■ Appellant contends that certain Jefferson county property, which was sold in 1948, was acquired before marriage by gift. He had the burden of tracing the identity of the separate funds thus received. *Hamlin v. Merlino,* 44 Wn. (2d) 851, 272 P. (2d) 125 (1954). The accountants' report of their examination of the business transactions, consisting of the operating accounts and the personal accounts, did not indicate that the alleged sum was received by the appellant. His income tax return for 1948 did not show this sale as a capital gain. There was but a single bank

account, and the appellant failed to establish that the funds were placed elsewhere upon their receipt.. The evidence does not preponderate against the court's finding that there was a commingling with community funds of the amount received, thus rendering the entire deposit community property.

■■ Appellant further contends that, among the items erroneously included in the community property, were two tracts referred to as the Thurston county land, valued at one thousand dollars, and the Pacific county land, valued at eight hundred dollars. The appellant testified that these items likewise were a gift to him. The deeds indicated that ten dollars and other valuable considerations were paid. The property was acquired during coverture, and is subject to the rebuttable presumption that it was community property. See *Hamlin v. Merlino, supra.* The evidence does not preponderate against the court's findings as to the questioned items.

We find no merit in appellant's third assignment of error.

■ Appellant's fourth assignment of error is that the court made an unjust and inequitable disposition of the property.

The court found the value of the community property to be approximately $747,000. The community debts were found to be approximately $147,000. The net value of the community property was therefore six hundred thousand dollars. The court awarded the respondent two hundred fifty thousand dollars, or fifty thousand dollars less than one half of the net value of the community property alone. None of appellant's separate property was awarded to the respondent.

The appellant was awarded community property of the net value of three hundred fifty thousand dollars and separate property of the approximate value of $944,000, or a total of approximately $1,294,000. From this amount, the court ordered appellant to pay a twenty-five thousand dollar attorneys' fee to respondent and approximately five thousand dollars for other costs. The court impressed appellant's property award with the further obligation of

establishing a trust for the children in the sum of forty-five thousand dollars, the corpus of which will revert to appellant if it is not used for the purposes for which the trust was established.

The appellant also was ordered to pay for the support of each of the three children the sum of one hundred fifty dollars per month. As each child attains the age of thirteen and sixteen years, the court allowed moderate increases in the monthly awards, terminating at the age of eighteen years, when the trust becomes operative.

Appellant's award was further impressed with the obligation to maintain two life insurance policies of ten thousand dollars each upon his own life, the three minor children being named as beneficiaries, until such time as each child attains the age of twenty-one or becomes emancipated. Thereafter, appellant is free to change the beneficiaries.

The appellant's principal contention here is that his financial status is not liquid; that he is property poor, and has but a few thousand dollars in ready cash. At the trial, the timberlands in Oregon and California, which were awarded to appellant, had a fair market value of approximately nine hundred thousand dollars. The evidence further disclosed that the timber on these lands is overripe and should be logged. The appellant did not produce any testimony that the properties awarded to him could not be sold presently for the amount of the established fair market value, or that he would suffer any financial loss by complying with the court order.

We then consider the matter of whether it is inequitable to impress appellant's net estate, valued at approximately $1,294,000, with an obligation to pay the support money awarded for the children, aged eight, nine, and eleven, until each attains the age of eighteen years, plus an undeterminable amount for medical and dental care, and to maintain in full force and effect two ten thousand dollar insurance policies on appellant's own life, plus the establishment, within six months of the date of the final judgment of divorce, of the aforementioned trust fund in the sum of forty-five thousand dollars.

Considering the amount of appellant's award and the condition in which the appellant will be left after his property is thus obligated, we are of the opinion that the performance of these obligations for the benefit of the children is not an inequitable burden imposed upon his property. Neither was it an unjust and inequitable distribution of the property and property rights of the parties to this litigation. *Murphy v. Murphy,* 44 Wn. (2d) 737, 745, 270 P. (2d) 808 (1954), and cases cited.

We find no merit in the fourth assignment of error.

Appellant's last assignment of error is that the court had no jurisdiction to impose a lien upon the Oregon and California property to secure payment of the cash awards.

The appellant deposited a supersedeas bond in the sum of one hundred fifty thousand dollars, which guaranteed the full satisfaction of all cash awards ordered by the court. For this reason, the respondent, in her appeal brief and oral argument, waived any claim of lien upon the Oregon and California property. This assignment of error is without merit.

The judgment appealed from is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.