[No. 38260.   Department One.   February 24, 1966.]

MAURICE E. BRYANT, *Appellant,* v. VELMA BRYANT, *Respondent.**

*Savage & Nuxoll,* for appellant.

*Irwin & Friel,* by *Wallis W. Friel,* for respondent.

HILL, J.—A husband (a doctor) was awarded a divorce after a marriage of some 18 years on the grounds, some-

*Reported in 411 P.2d 428.

what euphemistically expressed, that his wife had subjected him "to extreme cruelty and personal indignities rendering life burdensome to the extent he can no longer remain married to defendant."[1]

He was also awarded the custody of the five[2] children (two boys, three girls), the youngest being 13 years of age, on the basis that all of them had indicated a desire to live with him.

The community property was divided equally—a net of $48,733 to each. The wife received $32,390 in community assets and a judgment against the husband for $16,343, payable any time after January 25, 1965.

There is no appeal from the granting of the divorce or from the custody provisions. The husband appeals from the 50-50 division of the community property. He urges that while he has gladly assumed the care, support, and education (including college) of five teen-age children, the division of the community property should take into consideration the respective responsibilities of the parties with reference to the children.

He points out that his divorced wife, whose misconduct occasioned the divorce, is a trained nurse and that she is in good health and quite capable of supporting herself. (She has married again since the entry of the divorce, as has the husband.) It is also urged that he can no longer perform surgery because of the loss of an eye in an accident, and that he is a diabetic, suffering from violent seizures whenever he neglects taking his required dosage of insulin. There is complaint that the trial court refused to receive or consider the element of fault in making the property division.

The defendant wife urges, in support of the equal division of the community property, that it was accumulated by

[1] The scant but undisputed evidence indicates the "extreme cruelty and personal indignities" consisted of the wife's continuous, and not casual, improper associations with another man.

[2] Four are natural children of the parties to this action; the oldest of the five is the husband's daughter by a prior marriage, but adopted by the wife.

their joint efforts. She urges further that the question of fault was not considered by the trial court and should not be by this court.

■ We are in entire accord with our statement in *Myers v. Myers,* 21 Wn.2d 19, 23, 149 P.2d 926 (1944):

> The fact that one of the parties may have been in serious fault does not justify the imposition of a severe penalty in the way of deprivation of property. The matter of fault is a proper one for inquiry when making a division of property, but this of itself does not require that a larger portion of the property be awarded to the one not in fault than is given to the other.

We agree that the wife in this case should not be penalized in the division of the community property, but neither should she be rewarded for making a divorce necessary.

■ As we see this decree, she goes out of this marriage, which she scuttled, with almost $48,000—free to follow her fancies (which she did), capable of earning a good living, and with no cares or responsibilities relative to the up-bringing and education of her children. The husband's heavy cares and responsibilities with five teen-age children are obvious.

Each party was awarded "One-half of the stock owned by the parties in the Family Life Insurance Company." Each half interest had a value of $21,090. It is our view that to equalize in some measure the responsibilities of the parties, with reference to the education of their children, that the stock owned by the parties in the Family Life Insurance Company should be placed in a trust, with a third person or trust company as trustee to make provision for the education of the children to the full extent that academic training is desired.

■ We have held that our statute, covering the division of property when a divorce is granted, empowers the trial court to make such an order. *Abel v. Abel,* 47 Wn.2d 816, 820, 289 P.2d 724 (1955). The opinion in that case meets the various objections which have been raised to such a procedure, and we quote it at some length:

The appellant's second assignment of error challenges the jurisdiction of the court to establish a trust in a third person for the benefit of the children. He contends that the statute provides that property shall be disposed of between the parties, and that to impound funds in a third person as trustee is beyond the express statutory provisions of our divorce law, for the reason that such a trustee is not a party to the action.

RCW 26.08.110 [cf. Rem. Supp. 1949, § 997-11] provides, in part, that the court shall make such disposition of the property

" . . . as shall appear just and equitable, having regard to the respective merits of the parties, . . . and to the burdens imposed upon it for the benefit of the children, and shall make provision . . . for the custody, support and education of the minor children of such marriage. . . ."

The appellant cites *Quient v. Quient,* 105 Wash. 315, 177 Pac. 779 (1919) in support of his contention that the disposition of the property must be *between the parties.* In that case, this court approved the establishment of a trust for the support of the child, in which trust the mother of the child was nominated as trustee. The case is authority for the proposition that the court has power to establish a trust. It is not authority for the contention that it would be error to nominate a third person as trustee. That issue was not before the court.

In *Cozard v. Cozard,* 48 Wash. 124, 92 Pac. 935 (1907), this court approved an award *directly* to the children of property involved in a divorce action. Since minor children are not parties to a divorce action, an award to them directly is a disposition of the property other than between the parties to the action. This court, therefore, has approved the disposition of property to persons other than the parties to the divorce action, when the care, support, and welfare of children are involved.

It follows, therefore, that, in giving effect to the court's duty to make provision for the welfare of children during their minority, part of the property may be impounded in a trust, either where one of the parties[3] is named as trustee or where a third person is named as trustee.

---

[3] We would normally feel that the trustee should be one of the parties; however, it is conceded that the husband is unable to account for some $12,500 belonging to the oldest daughter's guardianship, and that amount is made a charge on the community property awarded to him, so we have suggested a third-party trustee.

Appellant argues that it is not known if the trust company selected by the court would assume the duties of the trust. In this regard, the court requested in its memorandum opinion that the parties agree upon a trustee to be named. They failed to inform the court of their choice. Thereupon, the court named a corporation engaged in that business to act as trustee, reserving in the court the right to approve the trust agreement when presented. The question of the nominated trustee's refusal to act is not before us. However, in the event the nominated trustee should decline to act, the court, having continuous jurisdiction over the welfare of the children, has inherent power to appoint another trustee.

We, therefore, hold that the trial court, in the exercise of its discretion in providing for the welfare of minor children, has authority to impound property of the parties in a third person trustee for the benefit of the children, in such amounts and upon such terms and conditions as the court shall approve and deem reasonable.

Any assets remaining in the trust, after the academic training of the five children of the parties is completed, should then be divided equally between the plaintiff and defendant. Inasmuch as it appears that the husband and wife at one time intended to establish a trust in this stock for their children, it may be that they may want to relinquish all interest in this trust to their children. Should this be the case, they are, of course, at liberty to do so.

We leave it to the trial court to work out, with the assistance of counsel, the terms and conditions under which payments are to be made from the trust and whether directly to the beneficiaries or by way of reimbursement to the plaintiff.

We would point out that the creation of this trust leaves the division of the property still on the 50-50 basis of the original decree; we have merely taken items of equal value from the property awarded to each party to create a trust fund for the education of their children, which gives the husband some assistance in meeting his responsibility for the education of the children.

One further modification is made in the decree: The time for the payment of the judgment for $16,343 will be

extended from January 25, 1965, until 30 days after the entry of the modified decree.

The defendant-wife's request for attorney's fees on this appeal, in addition to those awarded by the trial court, is denied.

■ Considering her financial circumstances, including the amount of the property awarded to her, there seems to be no reason to increase the amount she has already been awarded as attorney's fees on this appeal other than the fact that she is a woman and the former wife of the plaintiff. As we said in *Gibson v. Von Olnhausen*, 43 Wn.2d 803, 806, 263 P.2d 954 (1953):

> It was not the intention of the statute[4] to award attorneys' fees and costs upon the basis of sex. A wife is not entitled to free litigation because of it. The statute intends that a party is not to be deprived of his or her day in court by reason of poverty. Courts predicate awards of costs and attorneys' fees upon the *need* of the party seeking them, and exercise their discretion upon the merits of the showing made.

For similar and later expressions of our views, see *Malfait v. Malfait*, 54 Wn.2d 413, 418, 341 P.2d 154 (1959), and *Koon v. Koon*, 50 Wn.2d 577, 581-82, 313 P.2d 369 (1957).

The case is remanded to the Superior Court for Whitman County for the modification of the decree in the particulars indicated in this opinion. In all other respects the decree is affirmed.

ROSELLINI, C. J., OTT and HUNTER, JJ., and BARNETT, J. Pro Tem., concur.

---

[4]RCW 26.08.190 gives the court discretion to award attorney's fees and costs to either party in divorce, separate maintenance, or annulment proceedings.