JOY DABNEY SUTHERLAND, *Respondent*, v. ROBERT G. SUTHER-
LAND, *Appellant*.*

*Francis Hoague* (of *MacDonald, Hoague & Bayless*), for appellant.

*Eugene D. Zelensky* (of *Zelensky, Steere & Baldwin*), for respondent.

WEAVER, J.—Plaintiff wife, Joy Dabney Sutherland, was granted a divorce and custody of five of the six minor children. Defendant husband, Robert G. Sutherland, was given custody of their oldest minor son, Robert, Jr.

The decree of divorce, insofar as it affects the five minor children in the wife's custody, requires the husband to (1)

*Reported in 459 P.2d 397.

pay support money for a period that may possibly extend beyond the age of their majority; (2) establish a $50,000 trust fund, or purchase equivalent annuities for them; and (3) maintain $6,000 of insurance upon his life payable to the five minor children.

Defendant husband appeals from these decretal provisions.

Plaintiff and defendant were married in 1946. At the time of trial, March 14, 1967, plaintiff was 40 years of age, defendant 42.

Although, sporadically employed, defendant testified, "I've been in school almost continuously all my life." He attended various colleges and universities in Washington, Oregon, California, and Texas. He has two degrees in physics, sought a degree in Oceanography and, at the time of trial, in 1967, expected to receive his doctorate in psychology in 1968.

Defendant's father died March 18, 1962, in California, leaving an estate exceeding one million dollars. One-third of the estate was willed to defendant, one-sixth to plaintiff, and one-sixth to their oldest son, Robert, Jr., who lives with his father. The remainder of the estate went to charities. Considerable cash has already been distributed to the beneficiaries. The five younger children of the parties were not mentioned in their grandfather's will.

The answers to the three issues raised by defendant on this appeal orbit around the interpretation and application of RCW 26.08.110. The statute authorizes the court to make disposition of the property of the parties

> as shall appear just and equitable . . . for the custody, support and education of the minor children of such marriage . . .

Specifically, the decree of divorce provides that defendant shall pay $100 per month for the support, maintenance, and education of each of the children living with the mother until the time each has attained the age of 21 years "unless he or she is still in college, in which event pay-

ments shall cease upon the expiration of four consecutive years from the commencement of such college training."

■ It has long been the rule of this jurisdiction that a father's liability, under a decree for the support of a minor child, ceases when the child reaches its majority. *Herzog v. Herzog,* 23 Wn.2d 382, 385, 161 P.2d 142 (1945).

An excellent statement of the rule appears in *Ditmar v. Ditmar,* 48 Wn.2d 373, 293 P.2d 759 (1956):

> The court's jurisdiction to enforce support-money judgments is predicated upon the continued dependency of the children in question. It follows that a mother cannot compel payments of support money for children whose dependency upon her has ceased by reason of death, emancipation by marriage, attainment of majority, service in the Armed Forces of the United States, adoption, incarceration in penal or other custodial institutions, or economic sufficiency resulting from earnings, gifts, or inheritance. In the absence of specific provisions to the contrary, there is a necessary implication in every decree for child support, that its binding effect shall extend into the future only for the period during which the children's dependency upon their custodian continues. [Citing authorities, including *Van Tinker v. Van Tinker,* 38 Wn.2d 390, 229 P.2d 333 (1951)].

Counsel concedes in his brief that if the rule announced in *Van Tinker v. Van Tinker,* 38 Wn.2d 390, 229 P.2d 333 (1951), is to be followed, "respondent would concede a need to modify the decree so as to terminate the obligation to make support payments at the time each child reaches the age of majority."

The decree must be modified to terminate child-support payments at least when each child reaches majority.

The decree directs defendant to pay $50,000 to the National Bank of Commerce, as trustee, or to purchase equivalent annuities, for his five minor children who do not share in their grandfather's estate. Interest accruing on the funds is to be paid to defendant husband; capital gains are to accrue to principal.

Although not expressed in the decree, it is apparent that it was the intention that the five children are to share

equally in the trust fund, the share of each to be distributed

to each of them upon his or her graduation from high school or attainment of age eighteen, whichever occurs first.

Should any of the children die before receiving his or her share of the trust funds, it is to be divided equally among the surviving beneficiaries. Should defendant die before establishing the trust, the $50,000 obligation is to be a lien against his estate.

■ The fatal defect of this provision is that it is in nowise equated to the "custody, support and education" of the five minor children, as authorized by RCW 26.08.110. The decree purports to take property from the husband, inherited from his father, and distribute it to the children. The decree goes beyond the authority granted by RCW 26.08.110 and our prior decisions.

In *Cozard v. Cozard,* 48 Wash. 124, 92 P. 935 (1907), community property was awarded directly to children. The decision, however, is limited to a situation where the award is made in lieu of support and maintenance.

In *Quient v. Quient,* 105 Wash. 315, 177 P. 779 (1919), a divorce action, the court approved a decree granting the home to the wife "in trust for the use, support and benefit of 'the minor child," with the proviso that in case of her death prior to reaching majority, the house should be for the use and benefit of the wife. The case is authority for the proposition that the court has power to establish a trust.

*Abel v. Abel,* 47 Wn.2d 816, 289 P.2d 724 (1955), approves a decree impounding property of the parties in a third person trustee for the benefit and welfare of minor children.

The rationale of *Bryant v. Bryant,* 68 Wn.2d 97, 411 P.2d 428 (1966), is dispositive of the issue before us. In remanding the case to the trial court for modification of the decree of divorce this court stated:

It is our view that to equalize in some measure the responsibilities of the parties, with reference to the edu-

cation of their children, that the stock owned by the parties in the Family Life Insurance Company should be placed in a trust, with a third person or trust company as trustee to make provision for the education of the children to the full extent that academic training is desired.

After discussing *Cozard*, *Quient*, and *Abel*, the court continued:

Any assets remaining in the trust, after the academic training of the five children of the parties is completed, should then be divided equally between the plaintiff and defendant.

We find no authority in this jurisdiction supporting the action of the trial court in the instant case. The trust device cannot be used as a conduit for the distribution of a father's separate estate to his children, unrelated to his obligation to them for support and education.

The establishment of this trust and the amount thereof are well within the statutory and discretionary powers of the trial court. If upon remand, the court, in the exercise of its discretion, determines that a trust must be established, it must be cast within the guidelines of the statute and the decisions. This we leave to the trial court to work out with the assistance of counsel. Further evidence may be introduced if the court deems it necessary.

■ The divorce decree requires that the husband maintain $6,000 of insurance upon his life, with the five youngest children or the survivors of them, as beneficiaries. This requirement of the decree is related in no way to the support and maintenance of the minors, nor does it contain a termination date for defendant's obligation. It contains the same infirmities as the trust.

Counsel for plaintiff, in his appellate brief, states that the decree "could be clarified by the addition of words limiting the obligation to maintain life insurance to the duration of the support obligation."

Upon remand, the decree should be modified so that defendant need continue his five children as beneficiaries only so long as he is obligated for their support.

The decree determines that defendant's obligation for the

payment of support money "shall survive his death and be a lien against his estate if his death should occur before satisfaction of such obligation." In the event of defendant's death prior to complete discharge of his obligation to support the children, it is our view that the proceeds of the life insurance policies should be credited, first, upon any unpaid support payments, and second, upon future support payments falling due.

Finally, plaintiff has moved for the allowance of additional attorney fees on appeal. Since several facets of this controversy must again be presented to the trial court, it may also determine this allowance, if any, after considering all of the circumstances.

This case is remanded to the superior court for modification of the decree in the particulars indicated in this opinion.

Having prevailed on this appeal, defendant shall recover costs.

HUNTER, C. J., FINLEY, HAMILTON, and McGOVERN, JJ., concur.