**RUMINA SUAFOA SESEPASARA, Petitioner**

**v.**

**MALEPELEPE SESEPASARA, Respondent**

High Court of American Samoa
Trial Division

DR No. 11-92

May 21, 1992

Before RICHMOND, Associate Justice, MATA'UTIA, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Petitioner, Robert A. Dennison III
For Respondent, Afoa L. Su'esu'e Lutu

Findings of Fact and Conclusions of Law:

The above-entitled cause came on regularly for trial on April 27, 1992. The Court heard testimony and received other evidence, and the cause was submitted for decision. The Court, having considered the evidence, finds as follows:

## FINDINGS OF FACT

1. Both petitioner and respondent have been bona fide and continuous residents of American Samoa for at least one year next preceding the commencement of this action on January 27, 1992.

2. The parties were married on December 24, 1981, in Reno, Nevada, and they have continued to be husband and wife since that date.

3. The parties separated on January 26, 1992, and they have not lived together as husband and wife since that date.

4. Three children are the issue of the marriage:
Francis Sesepasara, male, born March 19, 1982;
Faatuiese Sesepasara, female, born March 22, 1983;
Malepelepe Sesepasara, Jr., male, born April 30, 1986.

5. Respondent committed adultery in the fall of 1991, from which he contracted and transmitted to petitioner a venereal disease. Later, in December 1991, petitioner committed adultery during an off-island business trip. On December 15, 1991, respondent physically assaulted petitioner when she admitted her adulterous conduct. Sexual relations resumed thereafter but ceased after respondent physically assaulted petitioner again on January 28, 1992. A third such assault occurred on March 8, 1992. Taken as a whole, this conduct also constituted habitual cruelty or ill usage towards petitioner. These ultimate facts are fortified by other events during the marriage.

When respondent committed adultery, this marriage had been under progressive stress and deterioration over a substantial period of time. This state of the marriage is indicated by such events as another physical assault by respondent against petitioner in 1986. Use of alcoholic beverages was involved in that incident, and it appears respondent was excessively intemperate during that era of the marriage. Throughout the marriage, petitioner, who is a civil engineer, has been the steady breadwinner of the family, while respondent has been unemployed for substantial periods. This reversal of traditional roles in a Samoan family has taken its toll of the marriage over time.

Two issues emerge. First, petitioner may have condoned respondent's misconduct. A.S.C.A. § 42.0207 provides: "Condonation may be presumed in all matrimonial actions and proceedings by the voluntary cohabitation of the parties with the knowledge of the offense charged." Renewed sexual intercourse is a strong indication of condonation. However, the key elements are genuine forgiveness of the misconduct and intent to start afresh. Passage of time is often quite significant. *Wright v. Wright*, 153 Neb.

18, 43 N.W.2d 424 (1950). When condonation exists, earlier misconduct cannot be grounds for divorce. *Kinek v. Kinek*, 331 Mich. 54, 49 N.W.2d 58 (1951). Nonetheless, if the wrongdoer continues or revives his or her misconduct, condonation may be vitiated. *Rentel v. Rentel*, 39 Wash. 2d 729, 238 P.2d 389 (1951).

Under the rapidity of events from respondent's adultery in the fall of 1991 until the parties separated in January 1992 and his following misconduct, especially in a marriage moving towards, if not already at, the breaking point, we find that petitioner did not condone respondent's adultery, and certainly not the habitual cruelty or ill usage as the combined result of his adultery, disease transmittal, and three episodes of physical abuse in short order.

Second, the parties' respective acts of adultery may constitute mutual recrimination requiring denial of both the petition and counter-petition for divorce. A.S.C.A. § 42.0206(a)(5); *Lea'e v. Lea'e*, 3 A.S.R.2d 51 (Trial Div. 1986).

From a social viewpoint, recrimination as an absolute bar to divorce, as a sort of punishment for sins, is unjustified when the parties' conduct shows that continuation of the marriage will not result in a successful marital relationship.[1] The prospect of reconciliation, effect of the marital conflict on the parties and others, and comparative guilt are legitimate considerations in deciding how to apply the doctrine of recrimination. *DeBurgh v. DeBurgh*, 39 Cal. 2d 858, 250 P.2d 598 (1952). The provocative effect of one spouse's conduct on the other spouse's conduct may also be relevant. *Steiger v. Steiger*, 4 Utah 2d 273, 293 P.2d 418 (1956).

We find that the prospect of reconciliation in this marriage is very slight at best. Continued physical violence seems inevitable. The children will unduly suffer under these circumstances. The

---

[1] Recrimination originated as a property rule in Roman law dealing with dowry rights on dissolution of a marriage. Later, in English law at a time when only legal separation and not divorce was recognized, it was extended to govern spousal-support issues. American divorce statutes and interpretations of ecclesiastical law as part of the common law of divorce transformed recrimination from a defense in separation actions into a bar to absolute divorce. H. Clark, *Law of Domestic Relations* § 12.12 (1968).

marriage is essentially discredited. The gravity of respondent's adultery and recent pattern of physical violence substantially outweighs the seriousness of petitioner's singular adulterous incident. It appears his adultery even provoked her misconduct. There is no justifiable basis for applying the doctrine of recrimination to prevent dissolution of this marriage.

The *DeBurgh* decision, similar to judicial decisions or legislative action in many American jurisdictions, H. Clark, *Law of Domestic Relations* § 12.12 (1968), interjected judicial discretion to determine just results when both spouses are guilty of grounds for divorce. However, *Deburgh* involved interpretation of the phrase "in bar" in a statute providing that "[d]ivorces must be denied upon * * * a showing by a defendant of any cause of divorce against the plaintiff, *in bar* of the plaintiff's cause of divorce " (emphasis added), as requiring judicial determination of whether misconduct by a petitioning spouse should prevent dissolution of a marriage. *DeBurgh* also pointed out that striking "in bar" would show clear legislative intent to make recrimination an absolute defense.

A.S.C.A. § 42.0206(a)(5) requires denial of a divorce if upon the evidence the Court finds "that the petitioner is guilty of any of the grounds for divorce." This is the language of an absolute defense as recognized by *DeBurgh*.

As much as we consider A.S.C.A. § 42.0206(a)(5) out of step with sound public policy, we are bound to apply its directions as written. Any change in this law is the province of the Legislature of American Samoa. Thus, we find that both parties are barred by recrimination from obtaining a divorce from each other.

6. Although territorial law precludes the grant of a divorce to either party in this case, the Court has authority in equity to issue orders on the care, custody and control of the minor children of the parties and on both child and spousal support while the parties are separated. *Atwood v. Atwood*, 229 Minn. 333, 39 N.W.2d 103 (1949); *Subrt v. Subrt*, 275 Wis. 628, 83 N.W.2d 122 (1957); *Sovereign v. Sovereign*, 354 Mich. 65, 92 N.W.2d 585 (1958). Custody and support in this case do not involve and, therefore, do not derogate the territorial juvenile-justice laws, A.S.C.A. § 45.0101 *et seq.* The statutory provisions on custody and support when a divorce is granted, A.S.C.A. §§ 42.0209 and 42.0210, also do not prohibit such orders when a divorce is not granted. *See Sovereign v.*

*Sovereign, supra.* We find that it is necessary to provide for these matters in this action.

7. Both parties are fit and proper persons to have the care, custody and control of their minor children, who as of the date of trial were ages 10, 9 and 5, respectively. Respondent has had substantial opportunity, particularly during the periods of his unemployment, to care for and control the children and has performed these responsibilities reasonably well. Petitioner has also provided a suitable home and intelligent attention and direction in matters affecting the health, education, and growth and development of the children. Other things being equal, as they are in this case, younger children should remain together with their mother. There is no satisfactory substitute for a mother's love at the stage of development of the children in this case. We find that it is in the best interests and welfare of these children to place their custody with petitioner, subject to respondent's visitation rights at all reasonable times.

8. Petitioner is a professional engineer and is reasonably capable of supporting herself. Respondent has been gainfully employed and is reasonably capable of supporting himself. Thus, neither party requires spousal support by the other party.

The minor children of the parties need support by both parties. Respondent is reasonably capable of providing support for his children in the amount of $100 per child per month, a total of $300 per month.

Both parties are reasonably capable of paying their respective attorney's fees and costs in this action.

## CONCLUSIONS OF LAW

From the foregoing facts, the Court concludes:

1. Neither petitioner nor respondent is entitled to divorce from the other party.

2. Petitioner is entitled to the care, custody and control of the minor children of the parties, and respondent is entitled to reasonable visitation rights.

3. Petitioner is entitled to receive from respondent $100 each month for the support of the minor children of the parties, a total of $300 per month, commencing in June 1992.

4. Neither party is entitled to spousal support from the other party.

5. Neither party is entitled to attorney's fees or costs from the other party.

IT IS ORDERED that judgment shall be entered accordingly.